[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-14847
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 1, 2011
JOHN LEY
CLERK

D. C. Docket Nos. 08-23434-CV-MGC
and 07-21941 CV-MGC

ROBERTO TAZOE,
a Florida resident, as Personal
Representative of the Estate of
Ricardo Tazoe, deceased,
LUCIA NOBUE OGIYAMA SHIOHARA,
as Personal Representative of the
Estate of Enrico Shiohara, deceased,
RITA DE CACIA FLORES GOMES,
as Personal Representative of the
Estate of Marcel Cassal Vicentim, deceased,
DARIO SCOTT,
as co-Personal Representatives of
the Estate of Thais Volpi Scott, deceased,
ANA SILVIA VOLPI SCOTT,
as co-Personal Representatives of
the Estate of Thais Volpi Scott ,
ANTONIETA PARDAL COUTINHO DE MORAES,
as Personal Representative of the
Estate of Guilherme Duque Estrada
De Moraes, deceased,
TEREZA MARTINS COSTA DA SILVEIRA,
as Personal Representative of the Estate
of Paulo De Tarso Dresch Da Silveira, deceased,
ANA PAULA NUNES MARLON,
as Personal Representative of the
Estate of Carlos Roberto Rockenbach, deceased,

TERESINHA MARIA STUMPF,
as Personal Representative of the Estate
of Silvan Ramos Stumpf, deceased,
LUCIANA HAENSEL MATTIA,
as Personal Representative of the Estate
of Angela Dorneles Haensel, deceased, et al.,

Plaintiffs-Appellants,

versus

AIRBUS S.A.S.,
a foreign corporation,

Defendant-Third-Party-
Plaintiff-Appellee,

TAM LINHAS AEREAS, S.A.,
EMPRESA BRASILEIRA de
INFRA-ESTRUTURA AEROPORTUARIA,

Third-Party-Defendants,
Appellees.

_____

No. 09-14860
_____

D. C. Docket Nos. 08-23292-CV-MGC
and 07-21941 CV-MGC

THIAGO SOCZEKI DE PAULA,
as Personal Representative of
the Estate of Nadja Meria
Soczeki de Paula, deceased,

Plaintiff-Appellant,

2

versus

TAM LINHAS AEREAS, etc., et al.,

Defendants,

AIRBUS S.A.S.,
a foreign corporation,
AIRBUS INDUSTRIE G.I.E.,
a foreign corporation,
AIRBUS NORTH AMERICAN CUSTOMER
SERVICES, INC.,
a foreign corporation,
GOODRICH CORP.,
a foreign corporation,

Defendants-Appellees,

INTERNATIONAL AERO ENGINES AG,
a foreign corporation,

Defendant-Cross-
Claimant-Third Party
Plaintiff-Appellee,

EMPRESA BRASILEIRA DE INFRA-
ESTRUTURA AEROPORTURI

Third Party Defendant-
Appellee,

TAM LINHAS AEREAS,

Cross-Defendant-Appellee.

3

_____

No. 09-14875
_____

D. C. Docket Nos. 08-23287-CV-MGC
and 07-21941 CV-MCG

ANA MARIA SOUTO MAIOR de QUEIROZ,
as Co-Personal Representatives of
the Estate of Arthur Souto Maior
de Queiroz, deceased,
EULER BARROS FERREIRA de QUEIROZ,
as Co-Personal Representatives of
the Estate of Arthur Souto Maior
de Queiroz, deceased,

Plaintiffs-Appellants,

versus

TAM LINHAS AEREAS,
a foreign corporation,

Defendant-Cross-
Defendant-Appellee,

AIRBUS S.A.S.,
a foreign corporation,
AIRBUS INDUSTRIE G.I.E.,
a foreign corporation,
AIRBUS NORTH AMERICAN CUSTOMER SERVICES, INC.,
a foreign corporation,
GOODRICH CORP.,
a foreign corporation,

Defendants-Appellees,

4

INTERNATIONAL AERO ENGINES AG,
a foreign corporation,

Defendant-Cross-Claimant-
Third-Party-Plaintiff-
Appellee,

PEGASUS AVIATION IV INC.,

Defendant,

versus

EMPRESA BRASILEIRA DE INFRA-ESTRUTURA
AEROPORTURIA,

Third-Party-Defendant-
Appellee,

_____

No. 09-14878
_____

D. C. Docket Nos. 08-23291-CV-MGC
and 07-21941 CV-MGC

REGIS De MELLO,
as Personal Representative of the
Estate of Andrei Francois De Mello,
deceased,

Plaintiff-Appellant,

versus

TAM LINHAS AEREAS,
a foreign corporation,

                                        Defendant-Cross
                                        Defendant-Appellee,


AIRBUS S.A.S.,
a foreign corporation,
AIRBUS INDUSTRIE G.I.E.,
a foreign corporation,
AIRBUS NORTH AMERICAN CUSTOMER
SERVICES, INC.,
a foreign corporation,
GOODRICH CORP.,
a foreign corporation,


                                        Defendants-Appellees,


INTERNATIONAL AERO ENGINES AG,
a foreign corporation,

                                        Defendant-Cross-
                                        Claimant-Third Party
                                        Plaintiff-Appellee,

                          versus

EMPRESA BRASILEIRA DE INFRA-
ESTRUTURA AEROPORTURIA,

                                        Third Party Defendant-
                                        Appellee,

6

_____

No. 09-14879
_____

D. C. Docket No. 07-21941-CV-MGC

ROBERTO TAZOE,
a Florida resident, as Personal
Representative of the Estate of
Ricardo Tazoe, deceased,

Plaintiff-Appellant,

CLAUDIA KODAIRA GOES,
JOSE CARLOS DORNELLES,
ANA CLAUDETE SOARES DORNELLES,
JOICE HELENA VINHOLES OLIVERIA,
as Personal Representative of the Estate
of Fernando Antonio Laroque Oliveira,
FERNANDO ANTONIO LAROQUE OLIVERIA,
deceased,
JOSE LUIZ DE ALMEIDA DONA,
as personal Representative of the Estate
of Melissa Ura Dona Andrade, deceased; as
Personal Representative of the Estate of
Andre Ura Dona, deceased; as Personal
Representative of the Estate of Alanis Ura
Dona De Andrade, deceased,
MELISSA URA DONA ANDRADE,
deceased,
OSVALDO LOPES CORREA GOMES,
a Personal Representative of the Estate of
Mario Lopes Correa Gomes (deceased),
FRANCISCO GABRIEL GONCALVES PEDROSA,
as Co-Personal Representatives of the Estate
of Gabriel Correa Pedrosa, deceased,
ELISIE MACENA CORREA PEDROSA,

7

as Co-Personal Representatives of the Estate
of Gabriel Correa Pedrosa, deceased,
SETSUKO ELIZABETH W. TOMITA,
as Personal Representative of the Estate of
Heurico Hirochi Tomita, deceased,
JOAO PAULO CHACCUR,
as Personal Representative of the Estate of
Bruna De Villi Chaccur, deceased,
GOTTFRIED TAGLOHNER, JR.,
ANTONIO WESTRUPP,
ZOE LACERDA WESTRUPP,
as Co-Personal Representatives of the Estate of
Simone Lacerda Westrupp, deceased,
TANAGRA RODRIGUES VELENCA TENORIO ROCHA,
as Personal Representative of the Estate of Gilmar
Tenorio Rocha, deceased,

Consolidated-Plaintiffs-
Appellants,

MARILDA URA,

Intervenor Plaintiff,

versus

TAM LINHAS AEREAS,
a foreign corporation,

Defendant,

AIRBUS S.A.S.,
a foreign corporation,

Defendant-Cross-
Defendant-Appellee,

8

AIRBUS INDUSTRIE G.I.E.,
a foreign corporation,

Defendant-Appellee,

GOODRICH CORPORATION,
a foreign corporation,
INTERNATIONAL AERO ENGINES AG,
a foreign corporation,
AIRBUS NORTH AMERICAN CUSTOMER
SERVICES, INC.,

Defendants-Cross-
Claimants-Cross-
Defendants-Third Party
Plaintiffs-Appellees,

EMPRESA BRASILEIRA DE INFRA-
ESTRUTURA AEROPORTURIA,

Third Party Defendant-
Appellee,

TAM LINHAS AEREAS,

Cross-Defendant-
Cross-Claimant-
Appellee.

_____

No. 09-14880
_____

D. C. Docket Nos. 08-23290-CV-MGC
and 07-21941 CV-MCG

ANDREA GONCALVES MENDES OGUIDO,

9

REGIANY CRISTINA LULIO,
as Co-Personal Representatives of the
Estate of Marcio Rogerio De Andrade, deceased,

                                                    Plaintiffs-Appellants,

                          versus

TAM LINHAS AEREAS,
a foreign corporation,

                                                    Defendant-Cross-
                                                    Defendant-Appellee,

AIRBUS S.A.S.,
a foreign corporation,
AIRBUS INDUSTRIE G.I.E.,
a foreign corporation,
AIRBUS NORTH AMERICAN CUSTOMER SERVICES, INC.,
a foreign corporation,
GOODRICH CORP.,
a foreign corporation, et al.,

                                                    Defendants-Appellees,

INTERNATIONAL AERO ENGINES AG,
a foreign corporation,

                                                    Defendant-Cross-
                                                    Claimant-Third-Party
                                                    Plaintiff-Appellee,

PEGASUS AVIATION IV, Inc.,
a foreign corporation,

                                                    Defendant,

10

versus

EMPRESA BRASILEIRA DE INFRA-
ESTRUTURA AEROPORTURIA,

Third-Party-Defendant-
Appellee.

_____

No. 09-14881

_____

D. C. Docket Nos. 07-61611-CV-MGC
and 07-21941 CV-MGC

CARLOS E.A. CAMARGO,
as Personal Representative of the Estate
of Julia De Oliveira Camargo, Deceased,
MAGDA LUIZA ROJEK,

Plaintiffs-Appellants,

SIMONE CRISTINA ALMEIDA FELIX ALENCAR, et al.,

Plaintiffs,

versus

TAM LINHAS AEREAS,

Defendant-Cross-
Claimant-Cross-
Defendant-Appellee,

GOODRICH CORPORATION,
AIRBUS NORTH AMERICAN CUSTOMER SERVICES, INC.,

11

AIRBUS S.A.S.,
IAE INTERNATIONAL AERO ENGINES, AG,

Defendants-Cross-
Claimants-Cross-
Defendants-Third Party
Plaintiffs-Appellees,

PEGASUS AVIATION, INC.,
PEGASUS AVIATION IV, INC.,

Defendants-Appellees,

EMPRESA BRASILEIRA DE INFRA-
ESTRUTURA AEROPORTUARIA,

Defendant-Third Party
Defendant-Appellee.

_____

No. 09-14898
_____

D. C. Docket No. 09-21982-CV-MGC

ANNA MARIA FINZSCH,
HORST MAX FINZSCH,
CLAUS ALEXANDRE FINZSCH,
RONALD EDUARDO FINZSCH,
as heirs at law of Peter Max
Finzsch, deceased,

Plaintiffs-Appellants,

versus

12

TAM LINHAS AEREAS,
a foreign corporation
AIRBUS S.A.S.,
a foreign corporation
AIRBUS INDUSTRIE G.I.E.,
a foreign corporation
GOODRICH CORPORATION,
a foreign corporation
INTERNATIONAL AERO ENGINES AG,
a foreign corporation,

Defendants-Appellees.

_____

No. 09-14908
_____

D. C. Docket No. 08-61391-CV-MGC

ROBERTO TAZOE,
as Personal Representative of
the Estate of Ricardo Tazo,
deceased, et al.,

Plaintiffs-Appellants,

versus

AIRBUS S.A.S.,

Defendant-Appellee.

_____

No. 09-14911
_____

D. C. Docket No. 08-21980-CV-MGC

MARILDA URA,
a resident of Brazil, as
Personal Representative of the
Estate of Andre Ura Dona, deceased;
the Estate of Melissa Ura Dona de
Andrade, deceased; and the Estate of
Alanis Ura Dona de Andrade, deceased,

Plaintiff-Appellant,

versus

TAM LINHAS AEREAS, S.A.,
a foreign corporation,

Defendant-Cross-
Defendant-Cross-
Claimant-Appellee,

AIRBUS S.A.S.,
a foreign corporation,
AIRBUS NORTH AMERICAN CUSTOMER SERVICES, INC.,
a foreign corporation,
INTERNATIONAL AERO ENGINES AG,
a foreign corporation,

Defendants-Third-
Party Plaintiffs-
Cross-Claimants-
Cross-Defendants-
Appellees,

14

AIRBUS INDUSTRIE G.I.E.,
a foreign corporation,
PEGASUS AVIATION IV, INC.,
a foreign corporation,

                                        Defendants-Appellees,


GOODRICH CORPORATION,
a foreign corporation,

                                        Defendant-Cross-
                                        Defendant-Appellee,


EMPRESA BRASILEIRA de INFRA-
ESTRUTURA AEROPORTURIA,

                                        Defendant-Third-
                                        Party Defendant-
                                        Appellee.


———————————————

Appeals from the United States District Court
for the Southern District of Florida

———————————————

(February 1, 2011)

Before EDMONDSON, PRYOR and BARKSDALE,[*] Circuit Judges.

PRYOR, Circuit Judge:

---

[*] Honorable Rhesa H. Barksdale, United States Circuit Judge for the Fifth Circuit, sitting by designation.

This appeal presents the question whether the district court abused its discretion when it dismissed complaints of wrongful death involving the worst accident in Brazilian aviation history based on forum non conveniens. We must address the complaints of three categories of family members of those who died in the accident: (1) the Brazilian family members; (2) the family members of Roberto Tazoe, who was a citizen of the United States; and (3) Anna Finzsch, a Brazilian mother whose complaint was dismissed sua sponte by the district court before Finzsch had served a summons and her complaint on the manufacturers. The district court did not abuse its discretion when it dismissed the complaints of the Brazilian family members and the family members of Roberto Tazoe based on forum non conveniens. The record supports as reasonable the determination of the district court that Brazil is an adequate and available alternative forum, the private and public factors weigh in favor of dismissal, and the family members can reinstate their complaints in Brazil without undue inconvenience or prejudice. The sua sponte dismissal of Finzsch's complaint is another matter and raises an issue of first impression. We conclude that the district court abused its discretion when it sua sponte dismissed Finzsch's complaint without first affording her notice or an opportunity to be heard. We affirm the dismissal of the complaints of all the

16

family members except Finzsch. We reverse the dismissal of Finzsch's complaint and remand her case for proceedings consistent with this opinion.

## I. BACKGROUND

On July 17, 2007, TAM Linhas Aéreas Flight 3054 overran a rain-soaked runway as it landed in São Paulo, Brazil. The airplane crashed into a warehouse and fueling station. All pilots, attendants, and passengers, a total of 187 people, and 12 people on the ground died. One citizen of the United States, Roberto Tazoe, a resident of Florida, died in the accident. The remainder of those killed were citizens or residents of Brazil.

Airbus, S.A.S., a French corporation, manufactured the A320-233 airplane that crashed. Airbus assembled key parts from other manufacturers and installed them on the airplane in Toulouse, France. International Aero Engines, a Swiss company with its principal place of business in Connecticut, manufactured the airplane engines in Darby, England, and sent them to Airbus for installation. The Goodrich Corporation, a New York corporation with its principal place of business in Charlotte, North Carolina, designed and manufactured the brakes and thrust reversers for the airplane. TAM Linhas Aéreas, a Brazilian airline, leased theAirbus A320-233 airplane from Pegasus Aviation IV, Inc., an airplane leasing company with its principal place of business in San Francisco, California.

17

The airplane had a problem: an inoperative thrust reverser on the number two engine. TAM knew about the problem, but determined that the airplane could fly safely if its pilots followed precise landing procedures. Before the accident, the airplane successfully completed about 40 flights with the inoperative reverser, all without incident.

Unfortunately, on the day of the accident, the pilots of the airplane strayed from the correct landing procedure. The pilots left the throttle on the number two engine in the "climb" position instead of bringing it to "idle." That misstep created an "assymetrical thrust condition" when the pilots deployed the other thrust reverser. As a result, the spoilers of the airplane did not deploy and its autobrakes failed to engage. The airplane overran the runway and crashed.

Brazilian authorities performed several investigations of the accident. The investigations included two parliamentary inquiries; two criminal investigations; and an investigation by the Centro de Investigação e Prevenção de Acidentes Aeronáuticos, the Brazilian counterpart to the National Transportation Safety Board. Following criminal investigations by the São Paulo State police, ten Brazilian citizens were indicted for their involvement in the accident, including two employees of TAM; five employees of the Brazilian equivalent to the Federal Aviation Administration; and three employees from the public corporation that

18

operates the airports of Brazil.  In addition to Brazilian investigations, experts in Washington, D.C., analyzed the cockpit voice recorder and the digital flight data recorder of the airplane.  These devices are now located in Brazil along with all of the original data the experts extracted from them.  Reports about the contents of these recorders are in English.

In the two years following the accident, family members of the deceased passengers filed about 80 separate actions in the Southern District of Florida seeking redress from TAM, Pegasus, Airbus, and the other manufacturers for wrongful death.  The district court consolidated all but a few of these cases for discovery purposes.  TAM, the Brazilian airline involved in the accident, settled with almost all the family members in exchange for a release from liability.  The majority of the family members then filed a consolidated action against Airbus on December 11, 2008.  This consolidated complaint included 76 plaintiffs and did not list TAM as a defendant.

On January 16, 2009, the manufacturers moved to dismiss on the ground of forum non conveniens.  The family members sought an extension of time to respond to the motion and opposed proposals to limit discovery to forum-related issues while the motion was pending.  For several months, the district court did not rule on the family members' motion to extend time.  While that motion was

pending, both sides conducted discovery. On June 8, 2009, the district court denied the family members' motion for an extension of time. The family members then filed a response to the manufacturers' motion to dismiss on July 16, 2009.

On July 15, 2009, Anna Finzsch filed a complaint against TAM and the manufacturers for the wrongful death of her son, Peter. Anna Finzsch filed her suit even though Brazilian authorities had previously appointed Peter's widow, Helena, instead of Anna, as the personal representative of his estate. Helena had already settled with TAM and Pegasus on behalf of Peter Finzsch's estate. She executed a settlement in Portugese, under Brazilian law, to dismiss claims against TAM and Pegasus with prejudice. The district court consolidated Anna Finzsch's complaint with the related actions on July 21, 2009.

On August 21, 2009, the district court dismissed all actions associated with the accident on the ground of forum non conveniens. After the manufacturers agreed to submit themselves to the jurisdiction of Brazil and toll its statute of limitations, the district court concluded that Brazil was an adequate and available forum. The district court compared the two proposed fora—the United States and Brazil—and concluded that the balance of private and public interest factors favored Brazil, even for the family members of the lone victim who was a citizen of the United States, Roberto Tazoe. The district court determined that the family

members would be able to reinstate their complaints in Brazil without undue inconvenience or prejudice.

## II. STANDARD OF REVIEW

"The forum non conveniens determination is committed to the sound discretion of the trial court. It may be reversed only when there has been a clear abuse of discretion; where the court has considered all relevant public and private interest factors, and where its balancing of these factors is reasonable, its decision deserves substantial deference." Piper Aircraft Co. v. Reyno, 454 U.S. 235, 257, 102 S. Ct. 252, 266 (1981). "Factual determinations are reviewed for clear error." Leon v. Millon Air, Inc., 251 F.3d 1305, 1310 (11th Cir. 2001).

## III. DISCUSSION

Our discussion is divided in three parts. First, we review the dismissal of the complaints of the family members who are citizens or residents of Brazil. Second, we review the dismissal of the complaint of the family of Roberto Tazoe, whose choice of forum is entitled to greater deference. Third, we review the dismissal of the complaint of Anna Finzsch.

*A. The District Court Was Entitled to Dismiss the
Complaints of the Brazilian Family Members.*

The manufacturers had to satisfy three requirements to obtain the dismissal of the complaints of the Brazilian family members based on forum non conveniens.

21

The manufacturers had to establish that "(1) an adequate alternative forum is available, (2) the public and private factors weigh in favor of dismissal, and (3) the plaintiff can reinstate his suit in the alternative forum without undue inconvenience or prejudice." Leon, 251 F.3d at 1310–11. The district court did not abuse its discretion when it determined that each factor favored dismissal of the complaints based on forum non conveniens.

### 1. Brazil is an Adequate and Available Forum.

The first factor involves two inquiries: "whether the alternative forum is adequate and available." Aldana v. Del Monte Fresh Produce N.A., 578 F.3d 1283, 1290 (11th Cir. 2009) (internal quotation marks omitted). "Availability and adequacy warrant separate consideration." Leon, 251 F.3d at 1311. Both favor a Brazilian forum.

The record supports the determination of the district court that Brazil is an available forum. "An alternative forum is 'available' to the plaintiff when the foreign court can assert jurisdiction over the litigation sought to be transferred." Id. at 1311. "Ordinarily, [the requirement of an available forum] will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." Piper Aircraft, 454 U.S. at 254 n.22, 102 S. Ct. at 265 n.22 (quoting Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 506–07, 67 S. Ct. 839, 842 (1947)). The manufacturers

22

have stipulated that they will make themselves amenable to process in Brazil as a condition of dismissal. Specifically, the manufacturers have stipulated that they will consent to service of process in Brazil; toll any applicable Brazilian statutes of limitation; make relevant witnesses and documents available to a Brazilian civil court; and respect the final judgment of a Brazilian court. These stipulations ensure the availability of Brazil as an alternative forum.

The record supports the determination of the district court that Brazil is also an adequate forum. An alternative forum is inadequate "if the remedy provided by th[at] alternative forum is so clearly inadequate or unsatisfactory that it is no remedy at all." Id. at 254, 102 S. Ct. at 265. Other federal courts have found Brazil to be an adequate forum in similar circumstances. See, e.g., In re Air Crash Near Peixoto de Azeveda, Braz., 574 F. Supp. 2d 272, 284–85 (E.D.N.Y. 2008) ("Brazil should be considered an adequate forum.") (collecting cases); Da Rocha v. Bell Helicopter Textron, Inc., 451 F. Supp. 2d 1318, 1322 (S.D. Fla. 2006) ("Brazil provides Plaintiffs with an adequate alternative forum."). In fact, the Brazilian family members have conceded that, "in theory at least, Brazil will provide an adequate alternative forum for litigation of plaintiffs' claims." Finally, the manufacturers have submitted compelling evidence that the family members are able to bring similar causes of action and seek adequate remedies in Brazil.

## 2. The Public and Private Factors Favor Dismissal.

The second part of the forum-non-conveniens test is whether "the public and private factors weigh in favor of dismissal." Leon, 251 F.3d at 1311. This comparative inquiry requires the district court to weigh the "relative" advantages and disadvantages of each respective forum. Piper Aircraft, 454 U.S. at 241 n.6, 102 S. Ct. at 258 n.6 (quoting Gilbert, 330 U.S. at 509, 67 S. Ct. at 843). Both favor dismissal.

### a. Private Factors

The district court did not abuse its discretion when it concluded that the private factors favor dismissal. The Supreme Court has identified the following "private factors," which pertain to the interests of the participants in the litigation, that courts must consider when ruling on a motion to dismiss for forum non conveniens:

> [T]he relative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

Piper Aircraft, 454 U.S. at 241 n.6, 102 S. Ct. at 258 n.6 (quoting Gilbert, 330 U.S. at 508, 67 S. Ct. at 843) (internal quotation marks omitted). The district court correctly identified and reasonably weighed these factors.

24

The record supports the determination that Brazil offers superior "access to sources of proof." Id. The flight wreckage is in Brazil, including the digital flight data recorder and the cockpit voice recorder. The results of five governmental investigations of the accident are also in Brazil. These investigations are likely valuable sources of proof related to the claims and defenses of the parties. The parties will also likely find evidence in Brazil about the measure of damages. These sources of proof comprise a body of relevant evidence, located in Brazil, that is pertinent to both the claims and defenses. The United States also offers convenient access to many sources of proof, but, as the district court found, "the vast majority [of evidence] appears to be in Brazil and France." The superior access that Brazil offers to sources of proof favors dismissal.

The Southern District of Florida lacks the authority to compel certain witnesses to attend proceedings in that jurisdiction. The manufacturers have listed dozens of possible witnesses who are citizens of Brazil and outside of the subpoena power of the district court. The family members argue that the manufacturers list these witnesses as a pretext, compiling a laundry list of potential witnesses as a means of defensive forum shopping, but we disagree. The manufacturers might reasonably call Brazilian witnesses in their defense. These witnesses may include eyewitnesses to the crash, government employees in charge of airport safety, TAM

25

employees, investigators, or those indicted in the wake of criminal investigations. Because the Southern District of Florida lacks "a compulsory process for the attendance of [these] unwilling . . . witnesses," Gilbert, 330 U.S. at 508, 67 S. Ct. at 843, this factor also favors dismissal.

The manufacturers hope to implead other companies as liable third parties, but cannot do so in the district court. The manufacturers contend that the two Brazilian entities, Empresa Brasileira de Infraestrutura Aeroportuária and Agência Nacional de Aviação Civil, are liable, and the family members respond that the manufacturers should seek contribution from these entities in a separate proceeding after the fact. This Court has expressed concerns with the suggested approach of the family members, particularly where defendants "intend[] to avoid liability by arguing that other entities were responsible for the [accident]," as they do here. Satz v. McDonnell Douglas Corp., 244 F.3d 1279, 1284 n.4 (11th Cir. 2001).

There are, at least, two problems with requiring the manufacturers to sue third parties in another forum. First, a defense of this nature "is surely less persuasive when aimed at a set of empty chairs" because "[i]f a Southern District of Florida jury ultimately looked to place blame at the defense table, it would have available only one, rather than several, defendants to bear the brunt of its verdict

26

and damage award." Id. Second, the Supreme Court has expressed similar concerns about judicial economy:

> It is true, of course, that if [defendants] were found liable after a trial in the United States, they could institute an action for indemnity or contribution against these parties [abroad]. It would be far more convenient, however, to resolve all claims in one trial. . . . Forcing petitioners to rely on actions for indemnity or contributions would be "burdensome" but not "unfair." Finding that trial in the plaintiff's chosen forum would be burdensome, however, is sufficient to support dismissal on grounds of forum non conveniens.

Piper Aircraft, 454 U.S. at 259, 102 S. Ct. at 267–68.

The Southern District of Florida offers no view of the accident location. The family members argue that the ability to view the accident location is immaterial because their "theories of liability against the [United States] and French defendants have very little to do with Brazil—and everything to do with defendants' conduct in the U.S. and France," but there are two sides to consider. Our analysis must contemplate more than the family members' theories of liability; we must also consider the manufacturers' theories. The analysis "begins with the elements of plaintiff[s'] causes of action," but "[t]he court must then consider the necessary evidence required to prove and disprove each element." Ford v. Brown, 319 F.3d 1302, 1308 (11th Cir. 2003) (emphasis added). Only after considering the likely claims and defenses should the court "make a reasoned assessment as to the likely location of such proof." Id. The district court reasonably concluded that

27

"[a] significant part of the defense is likely to revolve around the location of the airport and the particular runway which was overrun, as well as the length and condition of that runway."

The family members argue that the United States offers better access to relevant trial evidence because the parties have produced over one million pages in English and conducted about 145 depositions in English.  The family members contend that the translation costs associated with trying this case in Brazil would be tremendous and that the district court abused its discretion by failing to consider this factor in its analysis.  We disagree.

A trial in the Southern District of Florida will cause significant translation costs.  The multiple reports from Brazilian investigators are in Portuguese, as are virtually all of the family members' documents that relate to damages.  Many other documents would have to be translated into English, along with the testimony of several witnesses.

The family members also argue that their claims should not be dismissed because the parties have already undertaken significant discovery.  They contend that "the extensive merits discovery in which the defendants engaged—which included over 145 depositions devoted exclusively to the damage issues, all taken in Miami—proved beyond any doubt that it would not be 'unnecessarily

burdensome' for the defendants to defend themselves against the plaintiffs' claims in a U.S. court." They argue that the Southern District of Florida has already proved itself to be a convenient forum during this discovery, and they accuse the manufacturers of "gaming . . . the system" by "conduct[ing] extensive merits discovery not available in Brazil . . . and then . . . complain[ing] that they are being vexed, harassed, oppressed, and 'unnecessarily burdened' by having to defend themselves in a U.S. court."

The Brazilian family members cite three decisions from other circuits to bolster their contention that extensive discovery is itself a factor that weighs against dismissal, but their argument fails. The decisions that the family members cite are distinguishable because trial dates were set in those cases and the preparations for trial were nearer completion. Zelinski v. Columbia 300, Inc., 335 F.3d 633, 643 (7th Cir. 2003); Lony v. E.I. Du Pont de Nemours & Co., 935 F.2d 604, 614 (3d Cir. 1991); Gates Learjet Corp. v. Jensen, 743 F.2d 1325, 1335 (9th Cir. 1984). The family members also actively participated in discovery and benefitted from it. That discovery alone does not suggest that the Southern District of Florida offers better "access to sources of proof" or has fewer problems making "trial of a case easy, expeditious and inexpensive." Gilbert, 330 U.S. at 508, 67 S. Ct. at 843.

## b. Public Factors

The district court did not abuse its discretion when it concluded that the public factors favor dismissal. A court that rules on a motion to dismiss based on forum non conveniens must consider the following "public factors," which pertain to the relative interests of the two fora:

> [T]he administrative difficulties flowing from court congestion; the "local interest in having localized controversies decided at home"; the interest in having the trial of a diversity case in a forum that is at home with the law that must govern the action; the avoidance of unnecessary problems in conflict of laws, or in the application of foreign law; and the unfairness of burdening citizens in an unrelated forum with jury duty.

Piper Aircraft, 454 U.S. at 241 n.6, 102 S. Ct. at 258 n.6 (quoting Gilbert, 330 U.S. at 509, 67 S. Ct. at 843). The district court correctly identified and reasonably weighed these factors.

The record supports the determination that the family members' complaints will overburden the courts of the United States. The family members have filed at least 80 separate actions in the Southern District of Florida. The district court concluded that these complaints present a tremendous burden because of the "multiple disputes and hearings held regarding discovery issues," and because it lacks "compulsory process power over certain witnesses and documents." The family members contend that the burden is minimal because the court need only

30

conduct one trial on liability and allow the parties to settle quickly on damages, but that argument is speculative. The likelihood of a settlement on damages is unclear, and the district court is best situated to assess the burdens of litigation. The district court was entitled to conclude that the burdens related to pre-trial discovery alone are great and that these cases present an unnecessary burden on local jurors who will be compelled to serve for lengthy trials that have little or no connection to this forum.

The district court reasonably concluded that Brazil has a superior interest in resolution of these claims. This Court has observed that "it is clear that a sovereign has a very strong interest when its citizens are allegedly victims and the injury occurs on home soil." SME Racks, Inc. v. Sistemas Mecanicos Para Electronica, S.A., 382 F.3d 1097, 1104 (11th Cir. 2004). The accident that is the subject of this litigation killed nearly 200 citizens or residents of Brazil and was the worst accident in Brazilian aviation history. Indeed, all but one of the victims were citizens of Brazil. The interest of Brazil in resolving these claims is paramount.

The family members argue that the United States has the greater local interest of regulating and deterring defective products, but the record does not compel that conclusion. As the family members admit, there are "at least 10 prior incidents of runway excursions by Airbus aircraft flying with an inoperative thrust

31

reverser where one throttle was left or placed in a position other than idle," including accidents in Phoenix, Reno, and Los Angeles. Potential liability stemming from these other accidents dilutes the deterrent value that can be attributed to litigating the family members' claims in American courts. Because this accident occurred on foreign soil and involved foreign victims, "the incremental deterrence that would be gained if this trial were held in an American court is likely to be insignificant," and insufficient to override the "local interest in having localized controversies decided at home." Piper Aircraft, 454 U.S. at 260–61, 102 S. Ct. at 268 (internal quotation marks omitted). Cases tried in Brazil will also have deterrent value: the manufacturers may be held liable in that forum.

The need to apply foreign law in these cases also favors dismissal. The district court, quoting Da Rocha, 451 F. Supp. 2d at 1325–26, explained, "it is inevitable that [a conflict-of-law analysis] would be required and that it would be complex, involving 'decid[ing] what Brazilian law is and compar[ing] it to United States law to determine whether a conflict exists and, if it does, [applying] applicable Florida choice of law rules, including with respect to tort liability, the most significant relationship test.'" The district court concluded that "[w]ith Brazilian Plaintiffs who were injured in Brazil as the result of the crash of a Brazilian domestic flight, it seems likely that Brazilian law would apply."

32

Dismissal would, therefore, "avoid[] . . . unnecessary problems in conflict of laws, or . . . the application of foreign law." Piper Aircraft, 454 U.S. at 241 n.6, 102 S. Ct. at 258 n.6 (quoting Gilbert, 330 U.S. at 509, 67 S. Ct. at 843). For these reasons, the public factors favor dismissal.

### 3. The Brazilian Family Members Can Reinstate Their Complaints in Brazil Without Undue Burden.

The manufacturers have stipulated that they will allow the family members to "reinstate [their] suit in the alternative forum without undue inconvenience or prejudice," which is the final factor to consider. Leon, 251 F.3d at 1311. The manufacturers' stipulation as follows removes any impediment to reinstatement:

> Manufacturing Defendants have stipulated that, for actions re-filed in Brazil within 120 days of dismissal, they will consent to service of process and Brazilian civil court jurisdiction, toll any applicable statute of limitations in Brazil, make relevant witnesses and documents under their respective possession, custody and control available, and will respect any final, post-appeal judgment.

The district court did not abuse its discretion when it dismissed the complaints of the Brazilian family members based on forum non conveniens. We affirm the dismissal of their complaints.

*B. The District Court Correctly Dismissed the Complaint of the Family Members of Roberto Tazoe Despite the Added Deference Given to Their Choice of Forum.*

The family members of the victim who was a citizen of the United States, Roberto Tazoe, make arguments identical to those outlined above, but their choice

33

of forum is entitled to "somewhat more deference," as we are hesitant to deny citizens access to courts of the United States. Piper Aircraft, 454 U.S. at 256 n.23, 102 S. Ct. at 266 n.23. A district court must find "positive evidence of unusually extreme circumstances, and should be thoroughly convinced that material injustice is manifest before exercising any such discretion as may exist to deny a United States citizen access to the courts of this country." SME Racks, 382 F.3d at 1101.

The district court did not abuse its discretion when it concluded that material injustice is manifest with respect to the claims of Tazoe's family members against the manufacturers. The district court concluded that the "Manufacturing Defendants' inability to compel third-party witnesses or the production of documents from those witnesses, and the inability to implead potentially liable third-parties, is both unusually extreme and materially unjust." The district court determined that "[i]n combination with the previously addressed private and public interest factors which also support dismissal, this [inability] far outweighs the heightened deference applied to Mr. Tazoe." Tazoe's family members argue that the district court abused its discretion and contravened the decision of this Court in SME Racks, 382 F.3d 1097, but in SME Racks the district court "failed to articulate the relevant standards [for plaintiffs that are citizens of the United States] and failed to apply any presumption in its analysis." Id. at 1102. In contrast, the

34

district court articulated the correct standard, gave deference to the choice of forum of Tazoe's family members based on their status as citizens of the United States, and supported its decision with persuasive analysis. The district court did not abuse its discretion with respect to these family members. We affirm the dismissal of their complaint.

*C. The District Court Abused Its Discretion*
*When it Dismissed Anna Finzsch's Complaint.*

Anna Finzsch persuasively argues that the district court abused its discretion when it dismissed her complaint without first affording her notice or an opportunity to be heard. Finzsch filed her complaint on July 15, 2009, six months after the manufacturers moved to dismiss the associated complaints of the other family members. The district court did not associate Finzsch's complaint with the complaints of the other family members until July 21, 2009. On August 21, 2009, the district court dismissed all of the associated complaints, including Finzsch's. The district court dismissed Finzsch's complaint before she had served a summons and complaint on the manufacturers, and before the manufacturers had moved to dismiss her complaint. The manufacturers contend that these "inconsequential procedural differences" make no difference, but we disagree.

The district court failed to afford Finzsch due process when it dismissed her complaint. A "district court can only dismiss an action on its own motion 'as long

35

as the procedure employed is fair.'" Carroll v. Fort James Corp., 470 F.3d 1171, 1177 (5th Cir. 2006) (quoting Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998)). To employ fair procedure, a district court must generally "provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1069 (11th Cir. 2007); Jefferson Fourteenth Assocs. v. Wometco de P.R., Inc., 695 F.2d 524, 527 (11th Cir. 1983). There is an exception to our general rule against dismissal without notice if the complaint is patently frivolous or if "reversal . . . 'would be futile,'" Byrne v. Nezhat, 261 F.3d 1075, 1127 n.99 (11th Cir. 2001) (quoting Wyatt v. City of Bos., 35 F.3d 13, 15 n.1 (1st Cir.1994)), but that exception is inapposite. Finzsch's complaint is not frivolous, and we cannot say that a reversal would be futile even though we are dubious about the likelihood that Finzsch's complaint will survive a motion to dismiss based on forum non conveniens.

None of our precedents about sua sponte dismissals involve forum non conveniens, but sua sponte transfers to another federal venue, 28 U.S.C. § 1404(a), offer a helpful analogy that buttresses our conclusion that the district court was required to give Finzsch notice and an opportunity to be heard. Section 1404(a) "was drafted in accordance with the doctrine of forum non conveniens" to "permit change of venue between federal courts." Piper Aircraft, 454 U.S. at 253, 102 S.

36

Ct. at 264. Notably, there is a "long-approved practice of permitting a court to transfer a case sua sponte under the doctrine of forum non conveniens, as codified at 28 U.S.C. § 1404(a)," but only "so long as the parties are first given the opportunity to present their views on the issue." Costlow v. Weeks, 790 F.2d 1486, 1488 (9th Cir. 1986). Before transferring sua sponte under section 1404(a), "the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons." Starnes v. Small, 512 F.2d 918, 934 (D.C. Cir. 1974). Notice is required even though "[d]istrict courts [are] given more discretion to transfer under § 1404(a) than they had to dismiss on ground of forum non conveniens." Piper Aircraft, 454 U.S. at 253, 102 S. Ct. at 265.

The district court abused its discretion because it "failed to provide [Finzsch] with notice of its intent to dismiss or an opportunity to respond." Martinez, 480 F.3d at 1069; see also Jefferson Fourteenth Assocs., 695 F.2d at 527. Finzsch had not even served process on the manufacturers when the district court dismissed her complaint. See, e.g., Smith v. Boyd, 945 F.2d 1041, 1043 (8th Cir. 1991) (holding that a district court may sua sponte dismiss a complaint "as long as the dismissal does not precede service of process"). The manufacturers made no appearances in Finzsch's action and filed no motion to dismiss against Finzsch. Put simply, "[t]he

37

type of <u>sua sponte</u> dismissal here at issue—a dismissal on the court's own initiative, without affording the plaintiff either notice or an opportunity to be heard—is disfavored in federal practice." <u>Gonzalez-Gonzalez v. United States</u>, 257 F.3d 31, 36 (1st Cir. 2001). We reverse the dismissal of Finzsch's complaint and remand her action for further proceedings.

## IV. CONCLUSION

We **AFFIRM** the dismissal of the complaints of the Brazilian family members and the family members of Roberto Tazoe. We **REVERSE** the dismissal of Finzsch's complaint and **REMAND** her action for proceedings consistent with this opinion.