[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16311
Non-Argument Calendar
_____

D.C. Docket No. 8:12-cv-02566-SDM-MAP

RUDOLPH HARRIS, SR.,
incapacitated,

                                                                                                Plaintiff,

MARCUS B. HARRIS,
lineal heir son, next friend,

                                                                                    Plaintiff-Appellant,

versus

BOB BUCKHORN,
Mayor,
CITY OF TAMPA, FLORIDA,
a Municipal corporation under Florida law,
TIMOTHY DOYLE,
Officer,
MICHAEL FERGUSON,
Officer of T.P.D.,

                                                                                    Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 5, 2013)

Before MARTIN, JORDAN, and FAY, Circuit Judges.

PER CURIAM:

Marcus B. Harris, a pre-trial detainee, appeals the district court's dismissal of his *pro se* 42 U.S.C. § 1983 complaint, filed as "next friend" on behalf of his father, Rudolph Harris, Sr. In the original complaint, Mr. Harris alleged that his father's Fourth Amendment rights were violated by the execution of a search warrant at his father's home. The district court dismissed the complaint without prejudice for lack of standing, finding that Mr. Harris had failed to prove that he was the appropriate next friend to his father. On appeal, Mr. Harris argues that the district court improperly dismissed his complaint because he met the next friend standard, and alternatively, that he should have been given the opportunity to amend his complaint.

I

We review *de novo* dismissals of cases for lack of standing. *See Scott v. Taylor*, 470 F.3d 1014, 1017 (11th Cir. 2006). Dismissal of an *in forma pauperis* complaint is proper if the action or claim fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to a dismissal under § 1915(e)(2)(B). *See Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278 (11th Cir. 2001).

A district court is usually prohibited from dismissing a complaint *sua sponte* if it has failed to provide notice of its intent to dismiss or provide an opportunity to respond. *See Am. United Life Ins. Co. v. Martinez,* 480 F.3d 1043, 1057 (11th Cir. 2007). Nonetheless, even if a party does not have notice that the district court is considering a dismissal, the court may dismiss an action without notice if the complaint is patently frivolous or if amendment would be futile. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011).

## II

Generally, plaintiffs may not sue on behalf of third parties. *See Warth v. Seldin*, 422 U.S. 490, 499 (1975). The Federal Rules of Civil Procedure, however, provide that an incompetent person who does not have a duly appointed representative may sue by a "next friend." Fed. R. Civ. P. 17(c)(2). Next friend standing is not granted automatically to whoever seeks to pursue an action on behalf of another. *See Whitmore v. Arkansas*, 495 U.S. 149, 163 (1990). First, the next friend must provide an explanation–such as mental incompetence or disability–as to why the real party in interest cannot appear on his own behalf. *Id.* at 163. Second, the next friend must be truly dedicated to the best interests of the person on whose behalf he seeks to litigate. *Id.* at 163-64. "[I]t has been further suggested that the 'next friend' must have some significant relationship with the real party in interest." *Id.* at 164.

3

Next friend status has been denied in several cases based on a purported next friend's failure to demonstrate his "true dedication" to the best interests of the real party in interest. *See Sanchez-Velasco v. Sec. of Dept. of Corr.*, 287 F.3d 1015, 1029 (11th Cir. 2002) (overruling district court's grant of next friend status to a party who appeared to be motivated by personal interest in opposing imposition of the death penalty); *Hauser ex. rel. Crawford v. Moore*, 223 F.3d 1316, 1322 (11th Cir. 2000) (expressing reservations about granting next friend status to parties who appeared to be motivated by their own desires to block imposition of the death penalty, but ultimately declining status based on failure to prove incompetency).

A party seeking to establish next friend status bears the burden of clearly establishing the propriety of such status and thereby justifying the jurisdiction of the court. *See Whitmore*, 495 U.S. at 163-64. While the "true dedication" test may be satisfied when a close relative seeks to act as next friend, there may be reasons to doubt a relative's true dedication to the best interests of the real party in interest. *See Hauser*, 223 F.3d at 1322 (noting reservations about whether inmate's biological mother, who gave him up for adoption, was dedicated to his best interests).

We conclude that the district court did not err in dismissing Mr. Harris' complaint. Whether Mr. Harris' father's dementia is a sufficiently adequate explanation as to why he cannot appear on his own behalf is not at issue on appeal.

Nevertheless, Mr. Harris has not demonstrated that he was the proper party to pursue the action on behalf of his father. Although our cases have never held that a party must be in the *best* position to bring a complaint on behalf of another, we have expressed reservations about granting next friend status to a party who is not the "most logical" individual to litigate the case. *See Hauser*, 223 F.3d at 1322 (stating that inmate's "most logical" next friend was his court-appointed counsel and not his biological mother). In this case, Mr. Harris' sister, and not Mr. Harris, is the "most logical" next friend. To begin, it is evident from the complaint that Mr. Harris' sister manages their father's economic and medical needs. Mr. Harris' own confinement in prison also casts serious doubt upon the propriety of awarding him next friend status, since his incarceration would impede his ability to effectively pursue the interests of his father.

Additionally, Mr. Harris has not established that he is dedicated to his father's best interests. The district court noted that Mr. Harris' current confinement arose out of the search he now attempts to challenge on his father's behalf. Mr. Harris, therefore, "has a conflict of interest between representing the interests of his father and representing his own interest in challenging the validity of his arrest and current detention." D.E. 21 at 1. As it was clear from the complaint that Mr. Harris lacked standing, dismissal of his complaint without prejudice was

5

appropriate. And because the dismissal was without prejudice, nothing prevented Mr. Harris from amending the complaint.

### III

The district court's order of dismissal without prejudice is affirmed.

**AFFIRMED**.