[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-17487
Non-Argument Calendar
_____

D.C. Docket No. 4:16-cv-00222-LGW-GRS

ALBERT E. BRINSON,

                                                    Plaintiff - Appellant,

DAWN LOUISE BRINSON,

                                                    Plaintiff,

versus

PAT WELSH,
CITY OF TYBEE ISLAND CORP.,
STEVEN SCHEER,
ROBERT BRYSON,

                                                    Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 21, 2017)

Before MARCUS, JILL PRYOR, and FAY, Circuit Judges.

PER CURIAM:

When Albert and Dawn Brinson received a citation for bringing their dogs to the beach, they sued the City of Tybee Island Corporation and its employees Pat Welsh, Steven Scherer, and Robert Bryson (collectively "Tybee Island") for discrimination and harassment. The district court dismissed their amended complaint *sua sponte* on the ground that they had not stated a claim for relief that was plausible on its face. Upon a thorough review of the Brinsons' amended complaint, we affirm.

While attempting to launch their sailboat from a private boat ramp, the Brinsons were cited for "Dog on the Beach" in violation of City of Tybee Island Code of Ordinances §§ 12-1(a)(4) and (d). Proceeding *pro se*, they sued the City alleging claims of discrimination and harassment in violation of the Bill of Attainder Clause, the Privileges and Immunities Clause, the Supremacy Clause, and the Fourth, Fifth, Eighth, Ninth, and Fourteenth Amendments, as well as 42 U.S.C. §§ 1981, 1983, 1985, and 1986. The magistrate judge *sua sponte* entered an order directing the Brinsons to amend their complaint, explaining that, even liberally construed, their complaint lacked factual allegations sufficient to support their claims.

The Brinsons filed a document styled as a response to the magistrate judge's order, asserting that the defendants had discriminated against them by citing them

for violating §§ 12-1(a)(4) and (d) while allowing others to bring dogs onto the boat ramp, and by enforcing the ordinance against them as non-residents of Tybee Island while refusing to cite a Tybee Island resident who was littering. They also asserted that they were legally entitled to bring their dogs onto their boat, that they had lost time and money attempting to do so, and that the boat ramp was not a beach. Finally, they asserted that the defendants had acted collusively in citing them, that §§ 12-1(a)(4) and (d) were themselves collusive, and that the magistrate judge had acted collusively in requiring them to amend their complaint.

The magistrate judge entered a report and recommendation ("R&R") treating the Brinsons' response as an amended complaint and determining that they still failed to allege factual matter sufficient to state a claim to relief, and that any additional opportunity to amend would be futile. The district court entered an order adopting the R&R and dismissing the Brinsons' complaint with prejudice. Later that day, the Brinsons filed a motion to add defendants and to amend the relief sought. The district court docketed its judgment, and Albert Brinson timely filed a notice of appeal.[1] The district court then reopened the case to enter an order denying the Brinsons' motions. Neither Brinson appealed this order. Albert Brinson moved this Court for summary reversal of the district court's order of dismissal, and we denied his motion.

---

[1] The notice of appeal did not name Dawn Brinson as an appellant or bear her signature.

3

We generally review *de novo* a district court's dismissal of a complaint for failure to state a claim. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997). We review a district court's *sua sponte* dismissal, however, for abuse of discretion. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1335 (11th Cir. 2011). A district court abuses its discretion when it dismisses an action *sua sponte* without "provid[ing] the plaintiff with notice of its intent to dismiss or an opportunity to respond," *id.*, unless amendment "would be futile" or "the complaint is patently frivolous." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015).

"A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy this requirement, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). A "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"; while "a court must accept as true all of the allegations contained in a complaint," it need not accept a plaintiff's mere "legal conclusions." *Id.* A complaint fails to show entitlement to relief "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

4

misconduct." *Id.* at 679. Although we liberally construe *pro se* litigants' pleadings, we will not "serve as *de facto* counsel for a party, or . . . rewrite an otherwise deficient pleading in order to sustain an action." *Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

The district court did not abuse its discretion in dismissing *sua sponte* the Brinsons' amended complaint. The Brinsons' complaint, liberally construed, alleged that they suffered discrimination and harassment due to their status as non-residents of Tybee Island. Assuming that such a claim is legally cognizable, the only factual content that the Brinsons furnished to support it is that municipal authorities failed to cite some unspecified Tybee Island residents for bringing dogs to the boat ramp and for littering. These allegations, even if taken to be true, did not by themselves "allow[] the court to draw the reasonable inference that the defendant[s are] liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. At most, they suggested a "mere possibility of misconduct" on Tybee Island's part. *Id.* at 679. Beyond these allegations, the Brinsons offered nothing to support their claims but "legal conclusions" and "unadorned, the-defendant-unlawfully-harmed-me accusation[s]," which do not suffice to state a plausible claim to relief. *Id.* at 678. The Brinsons failed to cure their initial complaint's inadequacy even after the magistrate judge notified them of his intent to dismiss their complaint and gave them an opportunity to amend it to allege additional facts. The district court thus

5

did not abuse its discretion in dismissing *sua sponte* the Brinsons' complaint.  *See Tazoe*, 631 F.3d at 1335-36.

**AFFIRMED.**