[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-12319
Non-Argument Calendar
_____

D.C. Docket No. 5:15-cv-00375-WTH-PRL


SAMUEL ROY ABRAM,

                                                        Plaintiff-Appellant,

versus

DAVID LEU,
Captain of Security,
A. CLUNTZ,
SIS Agent,
K. BARKER,
SIS Lieutenant,

                                                        Defendants-Appellees.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(January 2, 2019)

Before MARCUS, ROSENBAUM, and BRANCH, Circuit Judges.

PER CURIAM:

Samuel Abram, a prisoner proceeding *pro se*, appeals the district court's dismissal of his federal civil-rights action for failure to exhaust available administrative remedies as required by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(e).  First, Abram argues that the district court improperly *sua sponte* raised the affirmative defense of failure to exhaust.  Second, he contends that Federal Bureau of Prisons ("BOP") staff interfered with his pursuit of administrative remedies and made them unavailable.  We disagree with his first argument, but we do not reach the second one because we conclude that the district court did not afford Abram a meaningful opportunity to address the issue of exhaustion and did not analyze that issue under the correct legal standard.  We therefore vacate and remand for further proceedings.

## I.

In July 2015, Abram filed this civil-rights action, pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), against several BOP employees at United States Penitentiary, Coleman II ("Coleman").  Abram alleged that BOP staff had tampered with his mail and confiscated paperwork in violation of his rights under the First, Fifth, and Eighth Amendments.

2

The defendants filed a motion requesting either dismissal or summary judgment. The defendants offered three specific grounds for dismissal or summary judgment: (1) Abram failed to allege physical injury, as required by the PLRA; (2) the defendants were entitled to qualified immunity from Abram's claims; and (3) Abram lacked standing to pursue some of his claims.

In the course of making these arguments, the defendants explained that Abram had sought administrative review of the confiscation of his property, but his grievance was denied as untimely and as not filed in accordance with proper procedures. In support of that statement, they attached an affidavit from Caixa Santos, a paralegal specialist at Coleman, who discussed Abram's pursuit of administrative remedies. Abram filed a response in opposition but did not directly address the issue of exhaustion.

In an order entered on August 15, 2016, a magistrate judge reviewed the defendants' motion and Abram's response and found that it was unclear whether the defendants sought to dismiss the complaint for failure to exhaust administrative remedies or if they had waived the defense and for what reason. Noting that exhaustion was mandatory under the PLRA, the magistrate judge was "uncertain" based on the materials in the record whether Abram had exhausted his administrative remedies. Faced with these ambiguities, the magistrate judge ordered the defendants

3

to file within fourteen days a response clarifying their position on Abram's exhaustion of administrative remedies.

On August 29, 2016, the defendants filed a response to the magistrate judge's order and specifically requested dismissal for lack of exhaustion. The defendants asserted that Abram did not timely grieve the confiscation of his property within 20 days of the incident, as required by BOP procedures; that he did not properly appeal the denial of that untimely grievance; and that his other, later attempts at exhaustion were inadequate. The defendants relied on another affidavit from Santos and records of Abram's grievance history.

Just over a week later, on September 6, 2016, the district court dismissed Abram's complaint for failure to exhaust administrative remedies based on the materials the defendants submitted. The court entered judgment two days later.

On September 21, 2016, Abram moved for reconsideration of the dismissal. Abram did not dispute that the defendants' evidence accurately reflected his grievance history. But he maintained that his attempt to timely exhaust his administrative remedies had been frustrated by the defendants' misconduct. Specifically, Abram alleged that BOP staff had refused to provide him with the forms necessary to exhaust his administrative remedies. Abram also submitted an affidavit from another prisoner, who stated that he witnessed Abram requesting grievance forms from BOP staff "to no avail."

4

The district court denied Abram's motion.  The court stated that Abram's "attempt at exhaustion did not comply with the administrative procedures and was deemed untimely," and that he had not demonstrated that he was entitled to relief from the exhaustion requirement or to reconsideration of the dismissal.  The court noted that another district court had rejected Abram's claim that he had been prevented from starting the exhaustion process.  Abram now appeals.

## II.

We review *de novo* a district court's interpretation and application of the PLRA's exhaustion requirement.  *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005).  We review the factual findings underlying an exhaustion determination for clear error.  *Bryant v. Rich*, 530 F.3d 1368, 1377 (11th Cir. 2008).

## III.

The PLRA requires prisoners who wish to challenge some aspect of prison life to exhaust all available administrative remedies before resorting to the courts. *Porter v. Nussle*, 534 U.S. 516, 532 (2002); *see* 42 U.S.C. § 1997e(a).  Exhaustion is mandatory under the PLRA, and unexhausted claims cannot be brought in court. *Jones v. Bock*, 549 U.S. 199, 211 (2007).  The failure to exhaust administrative remedies requires that the action be dismissed.  *Chandler v. Crosby*, 379 F.3d 1278, 1286 (11th Cir. 2005).

5

To satisfy the exhaustion requirement, a prisoner must complete the administrative process in accordance with the applicable grievance procedures set by the prison. *Jones*, 549 U.S. at 218; *Johnson*, 418 F.3d at 1156. In other words, "[t]he PLRA requires 'proper exhaustion' that complies with the 'critical procedural rules' governing the grievance process." *Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015). Procedurally defective grievances or appeals are not adequate to exhaust. *Woodford v. Ngo*, 548 U.S. 81, 93-95 (2006). As a result, an untimely grievance that is rejected as such by prison officials does not satisfy the PLRA's exhaustion requirement. *Johnson*, 418 F.3d at 1156–59.

Although proper exhaustion is generally required, a remedy must be "available" before a prisoner is required to exhaust it. *Turner v. Burnside*, 541 F.3d 1077, 1082, 1084 (11th Cir. 2008). An administrative remedy may be unavailable when prison officials interfere with a prisoner's pursuit of relief. *Ross v. Blake*, 136 S. Ct. 1850, 1860 (2016).

According to the Supreme Court, lack of exhaustion is an affirmative defense. *Jones*, 549 U.S. at 216. In this Circuit, defendants may raise that defense in a motion to dismiss. *Whatley v. Warden, Ware State Prison*, 802 F.3d 1205, 1209 (11th Cir. 2015). Deciding a motion to dismiss for failure to exhaust administrative remedies is a two-step inquiry. *Id.* (citing *Turner*, 541 F.3d at 1081–82). District courts first should compare the factual allegations in the motion to dismiss and those in the

prisoner's response and, where there is a conflict, accept the prisoner's view of the facts as true. "The court should dismiss if the facts as stated by the prisoner show a failure to exhaust." *Id.* Second, if dismissal is not warranted at the first stage, the court should make specific findings to resolve disputes of fact, "and should dismiss if, based on those findings, defendants have shown a failure to exhaust." *Id.*

We first consider Abram's contention that the district court erred by *sua sponte* raising the issue of exhaustion when the government did not initially move to dismiss the complaint on that basis. The Supreme Court has explained that while "exhaustion is mandatory under the PLRA," failure to exhaust is an affirmative defense. *See Jones*, 549 U.S. at 211–12. And we have recognized that courts generally lack the ability to raise affirmative defenses *sua sponte*. *Latimer v. Roaring Toyz, Inc.*, 601 F.3d 1224, 1239–40 (11th Cir. 2010). "That's because the principle of party presentation is basic to our adversary system, and the court's invocation of a party's affirmative defense generally conflicts with that ideal." *Burgess v. United States*, 874 F.3d 1292, 1296 (11th Cir. 2017) (alteration adopted) (citation and internal quotation marks omitted).

At the same time, district courts are not absolutely barred from making "limited inquiry" into possible defenses. *Id.* at 1301. In particular, "[i]n an effort to streamline the proceedings and manage their dockets, district courts may make limited inquiry into litigants' possible claims and defenses, without violating the

party-presentation principle that animates our judicial system." *Id.* So, while a court may not invoke an affirmative defense, it may ask whether the defendant intends to rely on an available affirmative defense. *See id.*

Here, although the defendants did not clearly raise lack of exhaustion as a defense in their initial response to Abram's complaint, the district court did not err by seeking further clarification from the defendants as to that defense. Given that the motion to dismiss and attached materials addressed Abram's grievance history and indicated that he had not exhausted his administrative remedies, the court reasonably and permissibly made a "limited inquiry" into whether the defendants intended to rely on that defense. *See id.* The defendants then clearly requested dismissal for lack of exhaustion. Accordingly, the district court did not improperly invoke a defense on behalf of a defendant who did not raise it.

But the district court erred when, after the defendants decided to rely on lack of exhaustion as a defense, it did not provide Abram with an opportunity to respond and be heard on the issue before entering judgment against him. *See id.* ("Of course, if the [defendant] decides to [rely on a defense in response to a court's limited inquiry], the district court must provide the movant with an opportunity to respond and be heard on the issue."); *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (stating that district courts generally must provide the plaintiff with an opportunity to respond before dismissing a complaint). And we are hesitant to

8

conclude that the court's consideration of Abram's motion for reconsideration, which addressed the exhaustion issue, provided a *meaningful* opportunity to be heard given the narrow grounds for granting reconsideration. *See Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007).

Although the failure to provide a meaningful opportunity to be heard could be considered harmless if the complaint were "patently frivolous or if reversal . . . would be futile," *Tazoe*, 631 F.3d at 1336 (quotation marks omitted), on this record, we cannot find that this exception applies here. In concluding that Abram had failed to exhaust, the district court did not analyze the exhaustion issue pursuant to this Court's two-step inquiry for deciding motions to dismiss for failure to exhaust under the PLRA. *See Whatley*, 802 F.3d at 1209. As outlined above, that inquiry requires the court to first accept the prisoner's allegations as true and dismiss only if "the facts as stated by the prisoner show a failure to exhaust." *Id.* If not, the court must make factual findings to resolve the issue of exhaustion. *Id.*

Here, Abram's allegations and evidence bear on the critical question of whether the administrative remedies allegedly unexhausted were "available." *See Ross*, 136 S. Ct. at 1858 ("An inmate, that is, must exhaust available remedies, but need not exhaust unavailable ones."); *see* 42 U.S.C. § 1997e(a) ("No action shall be brought with respect to prison conditions under section 1983 . . . until such administrative remedies as are available are exhausted."). Abram contends that

prison staff interfered with his pursuit of administrative remedies by refusing to provide him with the forms required to utilize the grievance process and interfering with his mail. While the district court concluded that Abram had not demonstrated that he should be excused from the exhaustion requirement, that is not the correct inquiry. As the Supreme Court has made clear, "a court may not excuse a failure to exhaust," even to take special circumstances into account. *Ross*, 136 S. Ct. at 1856. But remedies must be "available" before exhaustion is required. Because Abram's allegations pertain to the availability of his administrative remedies, we cannot say that it would be futile to remand this matter to the district court to conduct the proper two-step inquiry as outlined in *Whatley* and *Turner*. *Cf. Tazoe*, 631 F.3d at 1336.

## IV.

Because the district court failed to provide Abram a meaningful opportunity to respond and be heard on the exhaustion issue and then analyzed the exhaustion issue under an incorrect standard, we vacate the dismissal of Abram's complaint and remand this case for further proceedings consistent with this opinion.

**VACATED AND REMANDED.**