[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-10666
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cv-20283-KMW

JOHN WESTLEY,

Plaintiff - Appellant,

versus

JOSE L. ALBERTO,
RE/MAX LLC,
VERONA CONDOMINIUM ASSOCIATION INC.,
CHARLES PIERCE MATTHEWS,
DEUTSCHE BANK SECURITIES, INC.,
JACQUELYN PLASNER NEEDELMAN,
MIAMI DADE COUNTY COURTS
c/o Wendell M. Graham, et al.,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 12, 2017)

Before TJOFLAT, WILLIAM PRYOR and JILL PRYOR, Circuit Judges.

PER CURIAM:

For the third time, plaintiff John Westley has filed suit against several individuals and entities alleging that they conspired to fraudulently evict him from his apartment, destroy his personal property, and quash his subsequent efforts to obtain relief. Westley appeals the transfer of his case from the Middle District of Florida to the Southern District of Florida, the district court's dismissal of his complaint with prejudice, and several alleged docketing errors by the district court clerk. After careful review, we affirm the district court's dismissal of Westley's complaint.

## I.    BACKGROUND

The saga of this lawsuit began in 2013, when Westley filed suit in the District of Minnesota alleging that a number of defendants conspired to fraudulently evict Westley from his Miami, Florida apartment and destroy his personal property. According to the complaint, the defendants conspired to evict him in retaliation for his cooperation with federal authorities investigating fraud and corruption by several of the alleged co-conspirators. Westley alleged 11 counts against the defendants, including inducement, misrepresentation, fraud, tortious interference, defamation, conversion, unjust enrichment, racketeering, whistleblower retribution, breach of contract and malpractice. In pleading federal

2

subject matter jurisdiction, Westley further alleged violations of the First and Fifth Amendments, the Fair Housing Act, the Fraud Enforcement and Recovery Act, and the Racketeer Influence and Corrupt Organizations Act, among others. On two defendants' motions, the Minnesota district court dismissed the case without prejudice for lack of personal jurisdiction and improper venue. On a separate motion, the district court also dismissed with prejudice Westley's claims against a third defendant, Deutsche Bank National Trust Company, noting that the claims were difficult to decipher and implausible. The Eighth Circuit summarily affirmed.

Following that dismissal, Westley filed another complaint, this time in the Northern District of Florida, again naming numerous defendants, including most of the defendants from the Minnesota case as well as the attorneys who represented Deutsche Bank in that case. Although Westley added a few new factual allegations and two additional claims, the complaint was similar to the one he had filed in Minnesota. Noting that 12 of the defendants were located in the Southern District of Florida and only one was in the Northern District of Florida, and that the events allegedly giving rise to the claims at issue took place in the Southern District of Florida, a magistrate judge *sua sponte* transferred the case to the Southern District of Florida. In his order, the magistrate judge—like the Minnesota district court judge—noted that the complaint was "difficult to

3

construe" and "constitute[d] a classic example of a shotgun pleading."  Transfer Order, S.D. Fla. Case No. 1:14-cv-22939, Doc. 5 at 1.  After receiving the case, the district court in the Southern District of Florida dismissed it without prejudice for failure to comply with the pleading standards of Federal Rule of Civil Procedure 8(a)(2).  Westley failed to appeal this ruling.

Westley then filed this lawsuit in the Middle District of Florida against two dozen defendants, including many of those named in his first two suits, as well as the District of Minnesota and Southern District of Florida judges who dismissed his previous cases.  This complaint again made factual allegations similar to his two prior complaints and contained the same 13 claims as his second complaint.  It also alleged that a majority of the 24 defendants lived in the Southern District of Florida.

The Middle District of Florida judge *sua sponte* entered an order for Westley to show cause why the case should not be dismissed for improper venue or otherwise transferred to the Southern District of Florida.  Westley sought relief from the order, arguing that judicial estoppel and *res judicata* barred the court from transferring the case, that the district court committed misconduct by engaging in ex parte communications with the defendants, that the district judge had a financial stake in the case, and that the Southern District of Florida was an inappropriate venue because he was suing a judge of that district.  Westley also asked for an

4

extension of time to respond to the show cause order.  Describing the complaint as "virtually indecipherable," the Middle District of Florida judge rejected both of Westley's motions and ordered the case transferred to the Southern District of Florida.  Transfer Order, Doc. 46.[1]

The record reflects that prior to the transfer, Westley obtained returns of service from just three of the 24 defendants:  Miami-Dade County Courts, Jacquelyn Needleman, and Pabitree Goolcharran.  Miami-Dade and Needleman filed separate motions to dismiss for failure to state a claim, among other grounds.  Westley never filed responses to these motions.  Instead, he requested an extension of time to respond to Needleman's motion, which had been docketed prior to the transfer.  Westley attempted to file two additional motions, one to strike Needleman's motion to dismiss and disqualify her counsel and another for an extension of time to respond to Miami-Dade's motion to dismiss.  These motions failed to arrive at the Middle District of Florida until after the case had been transferred and therefore never were docketed.  Westley did, however, obtain a clerk's default against Goolcharran in the Middle District of Florida three days before the case was transferred.

One week after the case was transferred to the Southern District of Florida, the district court granted Needleman's motion to dismiss and *sua sponte* dismissed

---

[1] Unless otherwise noted, citations to "Doc. __" refer to numbered docket entries in the district court record in this case.

5

the complaint as to all other defendants for failure to meet minimum pleading standards.  Noting Westley's multiple prior attempts to state a claim, the district court concluded that further amendment would be futile and dismissed the complaint with prejudice.

Westley now appeals the transfer, the dismissal of his complaint with prejudice, and the district court's alleged failure to docket his motions.

## II.    STANDARD OF REVIEW

"A transfer of venue is completely within the discretion of the trial court and the decision to deny a change of venue request will be reversed only for abuse of discretion."  *United States v. Smith*, 918 F.2d 1551, 1556 (11th Cir. 1990).  We review a district court's decision granting a motion to dismiss *de novo*.  *MSP Recovery, LLC v. Allstate Ins. Co.*, 835 F.3d 1351, 1357 (11th Cir. 2016).  In doing so, we accept the well-pleaded allegations in the complaint as true and view them in the light most favorable to the plaintiff.  *See Chaparro v. Carnival Corp.*, 693 F.3d 1333, 1335 (11th Cir. 2012).

## III.    DISCUSSION

### A.    Venue Transfer

Under 28 U.S.C. § 1391(b), when the defendants reside in different states, venue lies in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is

the subject of the action is situated." 28 U.S.C. § 1391(b)(2). "Before transferring [a case] *sua sponte*, . . . the judge should, at minimum, issue an order to show cause why the case should not be transferred, and thereby afford the parties an opportunity to state their reasons." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (internal quotation marks omitted).

The district court in the Middle District of Florida properly transferred this case to the Southern District of Florida. The complaint noted that a majority of the defendants resided in that district, although some defendants were residents of Minnesota, Missouri, and California. Given that the property in question was in Miami and the events at the center of the complaint overwhelmingly took place in Miami, the district court correctly determined that the proper venue was the Southern District of Florida. *See* 28 U.S.C. § 1391(b)(2) (noting that where defendants are from more than one state, venue lies where "a substantial part of the events" giving rise to the complaint occurred). Before transferring the case, the district court entered an order to show cause, giving Westley an opportunity to demonstrate to the court that the case should remain in the Middle District of Florida. But instead of taking advantage of that opportunity, Westley made a series of frivolous legal arguments and leveled unsupported accusations of misconduct at the district court. Westley was afforded all the due process required by law; he chose to squander his opportunity by focusing on imagined injustices.

Nor was transfer of this case to the Southern District of Florida barred because one of the defendants is a judge of that district.  28 U.S.C. § 455 governs the disqualification of judges.  "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  28 U.S.C. § 455(a).  Disqualification is also required "[w]here [the judge] has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  The standard under § 455 is objective, requiring the court to determine whether a disinterested lay observer informed of all the relevant facts would "entertain a significant doubt about the judge's impartiality."  *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000).

Citing no law and without pointing to any supporting evidence, Westley asserts that no judge of the Southern District of Florida could possibly be unbiased where another judge of that district was a defendant.  We disagree.  *Bolin* is dispositive.  In *Bolin*, the plaintiff sued in the Northern District of Georgia several judges of the same district, and moved for the judge assigned to the case to disqualify himself.  The judge declined to do so, and we affirmed, noting:

> Plaintiffs' motions offer no factual evidence of the type of personal bias that would sustain a doubt about [the judge]'s impartiality and require recusal in this case. Plaintiffs base their motions upon the fact that [the judge] has sat by designation on the Eleventh Circuit Court of Appeals in the past, has a long-term working relationship with a large majority of the defendants, and oversaw a grand jury

8

investigation of one of the plaintiffs. We conclude that these allegations are not sufficient to cause an objective, disinterested, lay observer to entertain a significant doubt about [the judge]'s impartiality.

*Bolin*, 225 F.3d at 1239. So too here. Westley offered no factual support for his assertion that every judge of the Southern District of Florida harbored bias against his case sufficient to require disqualification. The case was therefore properly transferred to the Southern District of Florida.[2]

## B. Dismissal

Liberally construing Westley's opening brief, Westley argues that the district court improperly dismissed his complaint with prejudice *sua sponte* and did so without affording him proper notice. Again, we disagree. A district court may *sua sponte* dismiss an action if the court employs a fair procedure. *Tazoe*, 631 F.3d at 1336. A fair procedure generally requires notice to the parties of the court's intent to dismiss the action and an opportunity to respond. *Id.* We nonetheless will affirm a district court's dismissal of a complaint without notice if the complaint was "patently frivolous or if reversal would be futile." *Id.* (alteration and internal quotation marks omitted).

The district court properly dismissed Westley's complaint. The complaint failed to state a claim under Federal Rule of Civil Procedure 8(a)(2), which

---

[2] To the extent Westley argues that *res judicata* or judicial estoppel precluded the transfer of the case to the Southern District of Florida, we reject his arguments as meritless.

requires that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." We have identified multiple types of "shotgun pleadings" insufficient to satisfy Rule 8. One kind of shotgun pleading is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1322 (11th Cir. 2015). Another type alleges "multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Id.* at 1323.

Westley's complaint suffered from both of these infirmities. Most paragraphs in the complaint accused strings of defendants of engaging in a broad conspiracy to harm Westley, but rarely if ever did the complaint identify the specific actions taken by any individual defendant. For example, paragraph nine alleges that a host of defendants "conspired, perpetrated and conducted unlawful . . . acts," without identifying any specific actions taken by any defendant. Compl., Doc. 1 at 7. Paragraph 10 alleged that a number of defendants conspired to sell a piece of real property to another defendant "through unlawful publically corrupt acts, bribes and influence peddling," again without identifying any specific acts by any defendant. *Id.* at 8. Paragraph 11 similarly pled, in conclusory fashion, that several defendants engaged in "illegal banking real estate

fraud, obstruction of justice, influence peddling and domestic terrorism against citizens." *Id.* at 8-9. Likewise, each of the 13 counts in the complaint implicated multiple defendants without identifying any specific actions taken by any defendant that gave rise to the count.

In short, while Westley's complaint at times described alleged events in some detail, it offered nothing more than "conclusory, vague, and immaterial facts" in describing the defendants' allegedly improper behavior. *Weiland*, 792 F.3d at 1322. The district court therefore properly dismissed it. Moreover, given that Westley was warned repeatedly by multiple courts that his complaint was incomprehensible, his failure to improve its specificity and clarity warranted dismissal with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) ("A district court need not, however, allow an amendment . . . where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed . . . or . . . where amendment would be futile.").

The district court also was not required to afford Westley notice or an opportunity to respond before *sua sponte* dismissing the complaint because the complaint was "patently frivolous." *Tazoe*, 631 F.3d at 1336. Westley alleged a broad, ill-defined conspiracy involving widespread bribery and public corruption cutting across two dozen defendants, including multiple federal judges. Yet the

11

complaint offered virtually nothing in terms of specifics to support its outrageous claims. Because "[i]t is patently obvious, given the legal and factual inadequacies of the complaint, that [Westley] could not prevail," the district court properly dismissed the complaint *sua sponte*. *Byrne v. Nezhat*, 261 F.3d 1075, 1127 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008).[3]

## C.    Docketing Errors

Finally, Westley protests alleged docketing errors that prevented the district court from considering (1) his motion for an extension of time to respond to Miami Dade's motion to dismiss and (2) his motion for disqualification of Needleman's counsel and to strike Needleman's motion to dismiss. The district court having properly dismissed the entire complaint with prejudice *sua sponte*, any error arising from the failure to docket these motions or transmit them to the Southern District of Florida was harmless and did not affect Westley's substantial rights. *See* Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no . . . error by the court . . . is ground for . . . disturbing a judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights.").

---

[3] Because the district court properly dismissed the entire complaint with prejudice, we need not consider its specific dismissal of the claims against defendant Needleman. Moreover, dismissal of the claims against defendant Goolcharran was proper notwithstanding the clerk's entry of a default against her because Westley neither moved for nor received a default judgment pursuant to Federal Rule of Civil Procedure 55(b)(2).

12

## IV.    CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.

**AFFIRMED.**