[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-10427
Non-Argument Calendar
_____

D.C. Docket No. 5:17-cv-00570-JSM-PRL

TERRY A. BURLISON,

Plaintiff-Appellant,

versus

PAM ANGUS,
individually and in her capacity as a Marion County Deputy Clerk,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(September 11, 2018)

Before MARTIN, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Terry Burlison appeals the district court's *sua sponte* dismissal of his *pro se*[1] civil rights suit under 42 U.S.C. § 1983, in which he sought monetary damages against Pam Angus, a Marion County, Florida, deputy clerk of court. His suit alleges that she issued a writ of possession without judicial authority in favor of his landlords in a state court dispossessory action, which, in turn, caused him to be evicted from his residence in violation of his rights under the Fourth Amendment of the United States Constitution. He argues that the district court committed procedural error when it *sua sponte* dismissed his § 1983 complaint with prejudice without first notifying him of its intent to do so and without giving him an opportunity to respond.

We review a district court's *sua sponte* dismissal for abuse of discretion. *See Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1335–36 (11th Cir. 2011). In doing so, we review *de novo* any underlying questions of law in a district court's dismissal of a complaint for failure to state a claim. *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997).

Prior to dismissing a civil action *sua sponte*, a court normally must provide the plaintiff "with notice of its intent to dismiss and an opportunity to respond." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1248 (11th Cir. 2015). "An

---

[1] "Pro se pleadings are held to a less stringent standard than pleadings drafted by attorney and will, therefore, be liberally construed." *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998).

2

exception to this requirement exists, however, when amending the complaint would be futile, or when the complaint is patently frivolous." *Id.* A district court may dismiss a complaint for failure to state a claim based upon an affirmative defense "when the defense is an obvious bar given the allegations," even if the defendant has not asserted the defense. *Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005).

Here, the district court did not abuse its discretion when it concluded that Burlison's complaint was patently frivolous because its central claim was obviously barred by judicial immunity, which is a recognized defense to liability under section 1983.  *See Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). While court clerks are not entitled to absolute immunity from claims for equitable relief, which Burlison has not sought, they do "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction." *Tarter v. Hury*, 646 F.2d 1010, 1013 (5th Cir. Unit A June 1981); *see also Roland v. Phillips*, 19 F.3d 552, 556 n.4 (11th Cir. 1994) (stating that when a court official "acts pursuant to a direct judicial order, absolute quasi-judicial immunity is obvious"). And court clerks are entitled to qualified immunity from all other actions for damages. *Tarter*, 646 F.2d at 1013.

The district court correctly concluded that Burlison's claim against Angus was patently frivolous, and therefore could be dismissed without notice and an

3

opportunity to respond. Angus, as a deputy clerk of court, was entitled to absolute judicial immunity on Burlison's claim for money damages, because, in issuing the challenged writ of possession in favor of Burlison's landlords, she was following a direct order of a Marion County, Florida, judge. *See Tarter*, 646 F.2d at 1013.

Accordingly, we affirm the district court's *sua sponte* dismissal of Burlison's suit.

**AFFIRMED.**