[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14909
Non-Argument Calendar
_____

D.C. Docket No. 8:18-cv-02872-WFJ-JSS

GARY LEE WOODROFFE,

Plaintiff-Appellant,

versus

FLORIDA DEPARTMENT OF FINANCIAL SERVICES,
Division of Risk Management,
ANN COFFIN,
Florida Department of Revenue Director,
MARC STEMLE,
Bureau Chief of Liability and Property Claims, Division of
Risk Management,
JEANNIE DEASON,
Records Specialist,
JON WAAGE, et al.,
Trustee,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(May 21, 2019)

Before MARCUS, MARTIN and FAY, Circuit Judges.

PER CURIAM:

Gary Woodroffe, proceeding pro se, appeals the district court's sua sponte dismissal of his civil complaint with prejudice for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6). On appeal, he argues that the district court erred when it dismissed his complaint with prejudice five days after he filed it because he was a pro se litigant, was deprived of counsel, and was entitled to liberal construction of, and the chance to amend, his pleadings. After careful review, we vacate and remand.

We typically review de novo a district court's ruling on a Rule 12(b)(6) motion to dismiss. Hill v. White, 321 F.3d 1334, 1335 (11th Cir. 2003). We review for abuse of discretion a district court's denial of leave to amend. Woldeab v. DeKalb Cty. Bd. of Educ., 885 F.3d 1289, 1291 (11th Cir. 2018).

Pro se pleadings are held to a less stringent standard than those drafted by attorneys and are thus liberally construed. Evans v. Ga. Reg'l Hosp., 850 F.3d 1248, 1253 (11th Cir. 2017). But that does not give "a court license to serve as de facto counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." Campbell v. Air Jamaica Ltd., 760 F.3d 1165, 1168-69 (11th Cir. 2014) (quotation omitted).

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff "does not need detailed factual allegations," but must provide grounds for an entitlement to

2

relief that constitute of more "than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level." Id. A complaint must contain "enough facts to state a claim to relief that is plausible on its face." Brooks v. Warden, 800 F.3d 1295, 1300 (11th Cir. 2015) (quotation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (quotation omitted).

"Under Rule 12(b)(6), a plaintiff with an arguable claim is ordinarily accorded notice of a pending motion to dismiss for failure to state a claim and an opportunity to amend the complaint before the motion is ruled upon." Neitzke v. Williams, 490 U.S. 319, 329 (1989). We have prohibited sua sponte dismissals under Rule 12(b)(6) where: "1) the defendant had not filed an answer and the plaintiff still had a right to amend his complaint pursuant to [Rule 15(a)]; 2) the plaintiff brought his claim in good faith; and 3) the district court failed to provide the plaintiff with notice of its intent to dismiss or an opportunity to respond." Am. United Life Ins. Co. v. Martinez, 480 F.3d 1043, 1057 (11th Cir. 2007). We've recognized an exception to this general rule against dismissals "without notice if the complaint is patently frivolous or if reversal would be futile." Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1336 (11th Cir. 2011) (quotation and ellipsis omitted).

3

A party may amend its pleading as a matter of course within 21 days after serving it. Fed. R. Civ. P. 15(a)(1)(A). Generally, where a more carefully drafted complaint might state a claim, the district court abuses its discretion if it does not provide a pro se plaintiff at least one opportunity to amend before the court dismisses with prejudice, unless doing so would be futile because a more carefully crafted complaint would still not be able to state a claim or the plaintiff clearly indicates that he does not wish to amend his complaint. See Woldeab, 885 F.3d at 1291-92.

Here, the district court committed reversible error by sua sponte dismissing, with prejudice, Woodroffe's civil complaint for failure to state a claim under Rule 12(b)(6).[1] As the record reveals, this case squarely satisfies the three criteria we've used to conclude that a case should not have been dismissed sua sponte under Rule 12(b)(6). For starters, the district court dismissed Woodroffe's complaint five days after he filed it, when Woodroffe still had the opportunity to amend as a matter of course under Rule 15(a), and before any of the listed defendants had filed an answer. See Martinez, 480 F.3d at 1057; Fed. R. Civ. P. 15(a)(1)(A).

---

[1] While we typically review de novo a district court's ruling on a Rule12(b)(6) motion to dismiss, Hill, 321 F.3d at 1335, we've not yet articulated the standard to review sua sponte dismissals with prejudice. Martinez, 480 F.3d at 1057 (reviewing a district court's dismissal de novo where the dismissal was in part pursuant to a Rule 12(b)(6) motion and its sua sponte dismissal was without prejudice); see also Tazoe, 631 F.3d at 1336 (reviewing a sua sponte dismissal for forum non conveniens, that failed to give the plaintiff an opportunity to respond, for abuse of discretion). We need not decide that question in this case, however, since the resolution is the same under here under any standard of review.

Further, while Woodroffe's complaint contained many deficiencies, including those addressed by the district court in its dismissal order, we cannot say that he brought the complaint in bad faith. See Martinez, 480 F.3d at 1057. On the one hand, Woodroffe attempted to comply with the pleading requirements by using a standardized form. And, while his complaint is disorganized and fails to clearly state how each defendant is liable for all of the various alleged harms, it tries to satisfy the proper federal jurisdictional requirements and complains of potentially legitimate harms, even if the legal basis for redress is not clearly explained. See id.; Brooks, 800 F.3d at 1300. On the other hand, certain allegations indicate that Woodroffe may be operating in bad faith, including his repeated attacks on state court child support orders and his request for upwards of $5,000,000 in damages when he only said $122,000 was in controversy. See Martinez, 480 F.3d at 1057. However, on balance, it appears that Woodroffe brought his complaint in good faith.

As for notice, the district court did not provide Woodroffe with advance notice that it intended to dismiss his complaint with prejudice or give him an opportunity to respond. It dismissed his complaint five days after he filed it and did not wait for any of the defendants to file any responses or answers before dismissing it. See id.

Lastly, Woodroffe's complaint was not patently frivolous and reversal would not be futile. Tazoe, 631 F.3d at 1336. Even though Woodroffe failed to clearly state a claim in his complaint, he cited to caselaw and statutes and argued actual

5

legal theories of liability, which means he could be capable of stating a cognizable claim if he could amend his complaint to explain how the defendants are legally liable for the various harms he alleged.  Indeed, Woodroffe acknowledges on appeal that his complaint requires amendment and states that he can amend it.  Moreover, because the district court pointed out curable deficiencies, but nonetheless concluded that allowing Woodroffe the opportunity to amend would be futile, we also conclude that the district court abused its discretion by failing to give Woodroffe the opportunity to amend his complaint before dismissing it with prejudice.  Woldeab, 885 F.3d at 1291-92.  For these reasons, we vacate and remand the district court's sua sponte dismissal of Woodroffe's complaint with prejudice.

**VACATED AND REMANDED.**