[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13672
Non-Argument Calendar

_____

D.C. Docket No. 6:18-cv-00013-JRH-BWC


WASEEM DAKER,

                                        Petitioner-Appellant,

versus

SHERIFF,

                                        Respondent-Appellee.


_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(July 14, 2021)

Before MARTIN, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Waseem Daker appeals the district court's denial of his 28 U.S.C. § 2241

habeas petition, alleging that the Georgia state court violated his due process rights when it denied his bail application without a hearing. After careful review, we affirm.

## I.

Daker is serving a sentence of life imprisonment plus 47 years for murder. While incarcerated in a Georgia State Prison, two prison officials instructed another inmate to forcefully shave Daker's beard. The guards accused Daker of kicking them while they were trying to shave his beard. As a result, Daker was charged with two counts of obstruction of an officer.

Daker made his first appearance on those charges in Tattnall County Superior Court in 2017. At that time, the state court denied bail without explanation and without holding a bail hearing. Daker asked for a hearing, but the court again denied bail without providing him an opportunity to be heard or receive an explanation.

Daker then filed a § 2241 habeas petition, claiming that the Tattnall Superior Court violated his due process rights by denying him bail without affording him an opportunity to be heard or explaining its decision.

Daker's petition was referred to a magistrate judge who recommended dismissing Daker's claims as moot because he had already been convicted and incarcerated for murder. The magistrate judge also reasoned that Daker was not

2

"in custody" for purposes of § 2241 because he was in custody as a result of the murder conviction, not the obstruction charges.

Daker objected to the magistrate judge's report and recommendation. The district court sustained some of Daker's objection, but nonetheless dismissed his petition. The district court agreed with Daker that he met the "in custody" requirement because he was under indictment and the Sheriff had a detainer lodged against him on the obstruction charges. The district court also agreed that Daker's separate murder conviction did not moot his bail claims, but maintained that Daker's claim was moot because there was no relief available to him; he was still serving the life plus 47-year sentence and therefore would not be released even if the trial court set bail.

Daker then filed a Rule 59(e) motion to alter or amend the district court's order. Daker argued that the district court could not dismiss the bail claims based on a new mootness argument without giving him the opportunity to respond. He also argued that his bail claim was not moot because he was appealing his murder conviction and, if he was successful, he would be eligible to be released on bail. Daker, proceeding pro se, signed this motion on August 29, 2019. But the motion was not filed until September 9, 2019. Because September 9 came after the 28-day deadline for filing a Rule 59(e) motion, the district court construed it as a Rule 60(b) motion and then denied the motion because Daker's arguments did not fall

3

within one of the limited conditions for which Rule 60(b) provides for relief.

Daker timely sought a certificate of appealability. This Court certified two questions for appeal: (1) whether the district erred when it sua sponte denied as moot Daker's claims that the state trial court erred when it denied him bail at hearings held on August 4, 2017, and October 11, 2017, without giving him an opportunity to respond; and (2) whether the district court erred when it construed Daker's Rule 59(e) motion as a Rule 60(b) motion and then denied the motion without considering his allegations that the court had made several errors. This Court also appointed Daker counsel.

## II.

We review the district court's decision to dismiss Daker's bail claims sua sponte for an abuse of discretion. See Tazoe v. Airbus S.A.S., 631 F.3d 1321, 1328 (11th Cir. 2011). Generally, a district court may only sua sponte dismiss a motion after providing the movant with notice of its intent to dismiss or an opportunity to respond. See Paez v. Sec'y, Fla. Dep't of Corr., 947 F.3d 649, 653 (11th Cir. 2020) (per curiam), cert. denied sub nom., Paez v. Inch, 141 S. Ct. 309 (2020) (Mem.). However, this Court has also held that dismissal without notice is permissible if reversal would be futile. Tazoe, 631 F.3d at 1336. We may affirm the district court's order based on any ground supported by the record. Beeman v. United States, 871 F.3d 1215, 1221 (11th Cir. 2017).

4

We agree that the district court erred in dismissing Daker's claim as moot. Nonetheless, we affirm the district court's order because reversal would be futile, as Daker's bail claims are not ripe. See Tazoe, 631 F.3d at 1336. A case is moot when the plaintiff no longer has a "personal stake in the outcome" of the lawsuit or there is no longer an "actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998) (quotation marks omitted). And a "claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all." Atlanta Gas Light Co. v. F.E.R.C., 140 F.3d 1392, 1404 (11th Cir. 1998) (quotation marks omitted).

Daker's bail claims are not ripe because he could only be granted relief if he is, one day, successful in overturning his murder conviction. See id. Even with notice and an opportunity to respond, there is no argument Daker could have made that would have ripened his bail claims. Therefore, even though the district court's analysis was flawed, we cannot say the district court abused its discretion because, on this record, reversal would be futile. See Tazoe, 631 F.3d at 1336.

Daker also argues that the district court erred in finding that he missed the deadline to file a Rule 59(e) motion. While the motion was filed on September 9, Daker says he delivered it to prison officials on August 29, the day he signed it, and that according to the prison mailbox rule, the district court should have

5

considered it filed on August 29.  When considering whether the district court properly applied the prison mailbox rule, we review de novo the district court's interpretation of the rule and its findings of fact for clear error.  Jeffries v. United States, 748 F.3d 1310, 1313 (11th Cir. 2014) (per curiam).

The prison mailbox rule provides that a pro se prisoner's court filing is deemed filed the date it is delivered to prison authorities for mailing.  Id. at 1314. The burden is on the government to present evidence that the pro se prisoner delivered the documents on a date other than the date the prisoner signed the filing. Washington v. United States, 243 F.3d 1299, 1301 (11th Cir. 2001) (per curiam).

Here, the district court erred in failing to apply the prison mailbox rule and construing Daker's motion as a Rule 60(b) motion.  Daker says he delivered the Rule 59(e) motion on August 29, the day he signed it, and the government offered no evidence to the contrary.  And by filing the motion on August 29, Daker timely filed his Rule 59(e) motion, 23 days after the court denied his habeas petition.

Nonetheless, remanding Daker's Rule 59(e) motion to the district court would be futile.  As discussed above, because Daker is seeking to vacate his murder conviction, his claim is not ripe for adjudication.  Accordingly, the district court's order is

**AFFIRMED.**

6