[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

————————————————

No. 22-12040

Non-Argument Calendar

————————————————

EDWARD DANE JEFFUS,

Plaintiff-Appellant,

*versus*

JEFFREY F. MAHL,
Judge, 18th Judicial Circuit Court,

Defendant-Appellee.

————————————————

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 6:21-cv-01393-CEM-LHP

_____

Before WILSON, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

*Pro se* Florida prisoner Edward Dane Jeffus appeals the dismissal of his 42 U.S.C. § 1983 complaint for failure to state a claim and the denial of his motion to alter or amend the judgment and amend his complaint pursuant to Rules 59(e) and 15(a).

Where appropriate, we review *de novo* a district court's *sua sponte* dismissal of a complaint under 28 U.S.C. § 1915A for failure to state a claim. *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1279 (11th Cir. 2001). Additionally, we review denials of Rule 59(e) motions as well as Rule 15(a) motions to amend a complaint for abuse of discretion. *Lambert v. Fulton Cnty., Ga.*, 253 F.3d 588, 598 (11th Cir. 2001); *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). We may affirm a district court's judgment on any basis supported by the record. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008).

Pursuant to § 1915A, a court shall review, as soon as practicable, a complaint in a civil action in which a prisoner seeks redress from an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). A court shall dismiss the complaint if it fails to state a claim. *Id.* § 1915A(b)(1). The same standards that apply to a dismissal under Fed. R. Civ. P. 12(b)(6) apply to dismissals under § 1915A. *Leal*, 254 F.3d at 1278-79. To prevent dismissal under Rule 12(b)(6), the plaintiff must allege sufficient facts to state a

claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[A] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Filings by *pro se* litigants, "however inartfully pleaded," are to be liberally construed and must be held to a less stringent standard than formal pleadings drafted by attorneys. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation omitted). Nevertheless, district courts may not rewrite deficient pleadings in order to sustain an action, and complaints that fail to state a claim upon which relief can be granted must still be dismissed. *See Campbell v. Air Jamaica Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014). Additionally, even *pro se* litigants will be deemed to have abandoned a claim by: (1) making only passing reference to it, (2) raising it in a perfunctory manner without supporting arguments and authority, (3) referring to it only in the "statement of the case" or "summary of the argument," or (4) the references to the issue are mere background to the appellant's main arguments. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681-82 (11th Cir. 2014). Additionally, unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants. *Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 n.7 (11th Cir. 2007).

Further, if the district court's order rested on two or more independent, alternative grounds, the appellant must challenge all of the grounds to succeed on appeal. *See Sapuppo*, 739 F.3d at 680.

When an appellant fails to challenge properly on appeal one of the grounds on which the district court based its judgment, he is deemed to have abandoned any challenge of that ground, and it follows that the judgment is due to be affirmed. *See id.*

*Sua sponte* dismissals for failure to state a claim are prohibited when: (1) the defendant has not answered and the plaintiff still has the right to amend, pursuant to Fed. R. Civ. P. 15; (2) the plaintiff brought his claim in good faith; and (3) the district court failed to provide the plaintiff notice of its intent to dismiss the complaint or offer the plaintiff an opportunity to respond. *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1056-57 (11th Cir. 2007). However, "[t]here is an exception to [the] general rule against dismissal without notice if the complaint is patently frivolous or if reversal . . . would be futile." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (internal quotation marks omitted).

"Where a more carefully drafted complaint might state a claim, a plaintiff must be given at least one chance to amend the complaint before the district court dismisses the action with prejudice." *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541 (11th Cir. 2002) (*en banc*); *see also Silberman v. Miami Dade Transit*, 927 F.3d 1123, 1132 (11th Cir. 2019). However, the court need not grant a plaintiff leave to amend his complaint when further amendment would be futile. *Silberman*, 927 F.3d at 1133. Leave to amend is futile when the complaint as amended would still be dismissed. *Id.* The question in such cases is not whether the plaintiff has stated a

claim, but instead, "when all is said and done, he *can* do so." *Id.* (emphasis in original).

Section 1983 provides a cause of action for private citizens against persons acting under color of state law for violating their constitutional rights and other federal laws. 42 U.S.C. § 1983. It only imposes liability for a defendant's "own personal actions." *See Holloman ex. rel. Holloman v. Harland*, 370 F.3d 1252, 1263 (11th Cir. 2004).

Under Rule 59, a party may ask a district court to reconsider an earlier ruling. *See* Fed. R. Civ. P. 59(e). A Rule 59(e) motion must be based upon "newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007). It may not be used to relitigate old matters or raise arguments or present evidence that could have been raised prior to the initial entry of judgment. *Id.*

"Judges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000) (internal quotation marks omitted). However, state judges are not immune from declaratory relief in a § 1983 action. *Id.* at 1240. To warrant such relief, a plaintiff must show: (1) that there was a violation, (2) that there is a serious risk of continuing irreparable injury if relief is not granted, and (3) the absence of an adequate remedy at law. *Id.* at 1242. Appealing a judge's ruling or seeking the extraordinary writ

of mandamus both constitute adequate remedies at law.  *Id.* at 1243.

The *Rooker-Feldman* doctrine provides that "lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments." *Nicholson v. Shafe*, 558 F.3d 1266, 1268 (11th Cir. 2009) (quotation marks omitted).  We have cautioned against broadly construing *Rooker-Feldman* and held that the doctrine should be confined only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  *Id.* (quotation marks omitted).

Following initial screening under 28 U.S.C. § 1915A, the district court dismissed Jeffus's complaint sua sponte for failure to state a claim.  It framed the "crux" of Jeffus's claims as being that Judge Mahl "ha[d] failed to correct [Jeffus's] sentence in accordance with state law and entered an order prohibiting his pro se filings in the state appellate court."  It then determined that Jeffus's equal protection claim challenged the validity of his confinement or its duration, as opposed to the circumstances of his confinement, and, therefore, the claim could only be raised in a 28 U.S.C. § 2254 habeas corpus petition.  It further found that he failed to state a claim for a violation of his right to access the courts, because Judge Mahl had not entered the order prohibiting further pro se filings in the state appellate court.  It concluded by noting that Judge Mahl would also be entitled to judicial immunity from damages.

Following Jeffus's Motion to Supplement and Motion to Amend, the district court found that he failed to show that newly discovered evidence or a manifest error of law or fact rendered the dismissal of the complaint improper. As to his claim for denial of access to the courts, it explained that the Clerk predicated its refusal to open an appeal from Judge Mahl's orders on the Fifth DCA's Spencer order, as opposed to any action taken by Judge Mahl, and the Clerk's actions could not be imputed to Judge Mahl under § 1983. It further found that, despite the Fifth DCA's order prohibiting further *pro se* filings, he failed to demonstrate that he lacked an adequate remedy at law, because he could have appealed the Fifth DCA's order to the Florida Supreme Court or sought a writ of mandamus.

As to his equal protection claim, the court found that Jeffus failed to allege that Judge Mahl discriminated against him based on a constitutionally protected interest. It also determined that, to the extent that he requested that the court invalidate the *Spencer*[1] orders and consider the claims that he raised in state court challenging his sentence, the *Rooker-Feldman* doctrine would preclude review of the state court decisions. Therefore, it concluded that Jeffus failed to demonstrate an entitlement to relief under Rule 59(e), and amendment of the complaint would be futile.

---

[1] In *State v. Spencer*, 751 So. 2d 47, 48 (Fla. 1999), the Florida Supreme Court determined that courts may restrict pro se filings only after providing the litigant with notice and a reasonable opportunity to respond.

Here, Jeffus cites to no binding caselaw or any other support for his arguments, alleging broadly that the district court made erroneous findings and ignored and/or overlooked various allegations he made against the defendant. Even construing his arguments liberally, Jeffus also attacks only one of the grounds upon which the district court based its findings—the applicability of judicial immunity—and cites only to nonbinding and distinguishable caselaw in doing so. Without more, Jeffus is entitled to no relief. *Sapuppo*, 739 F.3d at 681-82. Had he not abandoned his challenge to the district court's finding with respect to the absence of an adequate remedy at law, his appeal still fails because he was still able to challenge the Fifth DCA's 2017 order by appealing to the Florida Supreme Court under *Spencer* or seeking a writ of mandamus. *Bolin*, 225 F.3d at 1242-43. Additionally, the district court properly found that the *Rooker-Feldman* doctrine precluded its own review of the state court's decisions regarding his confinement. *Nicholson*, 558 F.3d at 1270.

Because Jeffus's § 1983 complaint was properly dismissed for failure to state a claim and his motion to amend properly denied for failure to identify any newly-discovered evidence or manifest errors of law or fact or show that amendment would not be futile, we therefore affirm.

**AFFIRMED.**