[DO NOT PUBLISH]

# In the
# United States Court of Appeals
## For the Eleventh Circuit

_____

No. 24-13231

Non-Argument Calendar

_____

ROBERT A. AUSTIN,

Plaintiff-Appellant,

*versus*

LEATHA DAWN MULLINS,
Magistrate,
JAMES WALTER MCCANN,
Judge,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 2:24-cv-14271-AMC

————————————

Before JORDAN, LAGOA, and WILSON, Circuit Judges.

PER CURIAM:

Robert Austin, proceeding *pro se*, appeals the district court's *sua sponte* dismissal with prejudice of his civil-rights complaint against Florida Circuit Court Judge James Walter McCann and then-Hearing Officer Leatha Dawn Mullins,[1] as well as the district court's order denying his motion for reconsideration. On appeal, Austin argues that Judge McCann and Hearing Officer Mullins engaged in "void judicial acts" during his child-support hearing in August 2019, rendering their rulings "invalid and void of jurisdictional authority." Because the district court correctly dismissed Austin's complaint on the basis of judicial immunity, we affirm.

We generally review *de novo* the dismissal of a complaint with prejudice for failure to state a claim. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017).[2] We accept the factual

---

[1] Leatha Dawn Mullins is now also a Florida Circuit Court judge. Judge Mullins served as a Hearing Officer at all times relevant to the complaint, so we will refer to her, in what follows, as "Hearing Officer Mullins."

[2] This Court has not yet articulated what standard of review we apply when a district court *sua sponte* dismisses a complaint with prejudice pursuant to its inherent powers. In *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321 (11th Cir. 2011), we reviewed a *sua sponte* dismissal for *forum non conveniens* for abuse of discretion,

24-13231                Opinion of the Court                3

allegations in the complaint as true and construe them in the light most favorable to the plaintiff, "but the allegations must nevertheless state a claim for relief that is plausible—and not merely possible—on its face." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). We review the denial of a motion for reconsideration for abuse of discretion. *United States v. Llewlyn*, 879 F.3d 1291, 1294 (11th Cir. 2018). Whether a judge is entitled to absolute judicial immunity is a question of law that we review *de novo*. *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017). We may affirm on any ground supported by the record. *Big Top Koolers, Inc. v. Circus-Man Snacks, Inc.*, 528 F.3d 839, 844 (11th Cir. 2008).

Judges enjoy absolute judicial immunity from suit for "acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005) (internal quotations omitted). This immunity applies even when the judge's conduct was in error, malicious, or in excess of his jurisdiction." *Id*. "[W]here the issue is the immunity of the judge," courts must "broadly" construe the scope of the judge's jurisdiction. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

---

where the district court failed to give the plaintiff an opportunity to respond. That being said, we need not decide this question here because, under any standard of review, the district court correctly dismissed this case as barred under the doctrine of judicial immunity.

A judge acts in his judicial capacity when he performs normal judicial functions, in chambers or in open court, in cases pending before the judge. *Sibley*, 437 F.3d at 1070. In *Sibley*, for example, the petitioner brought a civil-rights action against the Florida judges who imprisoned him due to his failure to pay child support as ordered. *Id.* at 1069–70. The district court dismissed Sibley's complaint for failure to state a viable claim on the ground that the state court judges were entitled to absolute judicial immunity and, on appeal, we affirmed. *Id.* at 1069–71. Additionally, we held that the district court did not abuse its discretion in denying Sibley leave to amend his complaint, as the defendants would still have been immune from his proposed amended claims. *Id.* at 1074.

Absolute immunity "flows not from rank or title or location within the Government, but from the nature of the responsibilities of the individual official." *Stevens*, 877 F.3d at 1301–02 (internal quotations omitted). Thus, when deciding whether an official can invoke absolute immunity for a particular act, we ask whether the official acted in his judicial capacity by looking at the nature and function of the act, considering four factors:

> (1) the precise act complained of is a normal judicial function; (2) the events involved occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the confrontation arose directly and immediately out of a visit to the judge in his official capacity.

*McCullough v. Finley*, 907 F.3d 1324, 1331 (11th Cir. 2018) (quoting *Dykes v. Hosemann*, 776 F.2d 942, 946 (11th Cir. 1985)). Absolute

immunity has been extended to state court judges, administrative law judges, federal hearing examiners, federal and state prosecutors, grand jurors, and witnesses testifying in judicial proceedings. *Stevens*, 877 F.3d at 1302.

Hearing officers in Florida child-support proceedings are appointed by the chief judge of the judicial circuit and are empowered to "issue process, administer oaths, require the production of documents, and conduct hearings for the purpose of taking evidence." Fla. Fam. L. R. P. 12.491(c), (e). Upon receipt of a support proceeding, a hearing officer shall, *inter alia*, "evaluate the evidence and promptly make a recommended order to the court." Fla. Fam. L. R. P. 12.491(e)(4).

Florida circuit courts have exclusive original jurisdiction in "all actions at law not cognizable by the county courts." Fla. Stat. § 26.012(2)(a). Florida county courts cannot hear matters involving the dissolution of marriage if the parties have any minor or dependent children together. *Id.* § 34.01(2); Fla. Fam. L. R. P. 12.105(a)(1). When a Florida court has issued a child-support order consistent with state law, that court "has and shall exercise continuing, exclusive jurisdiction to modify its child support order," as long as the order is the "controlling order" and, at the time of the filing of a request for modification, "the obligor, the individual obligee, or the child for whose benefit the support order is issued" reside in Florida. Fla. Stat. § 88.2501(1)(a).

While we construe *pro se* filings liberally, all litigants in federal court—*pro se* or counseled—are required to comply with the

applicable procedural rules. *See Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007). An appellant abandons an issue when he either makes only passing references to it or raises it in a perfunctory manner without supporting arguments and authority. *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014). Further, a party fails to adequately raise an issue on appeal when he does not plainly and prominently address it, for instance, by devoting a discrete section of his argument to that claim. *Id*. Arguments raised for the first time in a reply brief are not properly before a reviewing court. *Lovett v. Ray*, 327 F.3d 1181, 1183 (11th Cir. 2003). An issue that was not raised in the district court and is raised for the first time on appeal in a civil case is considered waived, and we will not address it absent extraordinary circumstances. *Access Now, Inc. v. Sw. Airlines Co.*, 385 F.3d 1324, 1331–32 (11th Cir. 2004).

In this case, the district court properly determined that Judge McCann and Hearing Officer Mullins were entitled to absolute immunity for conducting a hearing and entering orders in Austin's state child-support proceedings, which constituted normal judicial functions and fell well within the family court's jurisdiction. Austin appears to argue that Judge McCann and Hearing Officer Mullins acted outside of their jurisdiction because they made findings and rulings in his child-support hearing that did "not support a legal arrears case to modify those arrears that were being paid as part of that hearing performed." But Austin offers nothing to suggest that these findings and rulings were non-judicial acts, performed outside the normal course of judicial duty. Therefore, because Austin's claims are based entirely on actions that were part

of an official's normal judicial functions, and because there is no indication that Judge McCann and Hearing Officer Mullins acted in "the clear absence of all jurisdiction," *Sibley*, 437 F.3d at 1070, the district court correctly decided that Judge McCann and Hearing Officer Mullins were entitled to absolute judicial immunity, barring Austin's claims.

Finally, the district court did not abuse its discretion by denying Austin's motion for reconsideration, as he did not put forth any novel or compelling arguments for why the court should alter its order, but instead reiterated arguments that the district court had already rejected under the judicial-immunity doctrine.

Because Austin's claims against Judge McCann and Hearing Officer Mullins are barred under the doctrine of judicial immunity, we affirm the district court's dismissal with prejudice of Austin's complaint.

**AFFIRMED.**