**NOT FOR PUBLICATION**

In the

United States Court of Appeals

For the Eleventh Circuit

_____

No. 25-11124
Non-Argument Calendar
_____

DON KARL JURAVIN,

*Plaintiff-Appellant,*

*versus*

JUDGE LORI V. VAUGHAN,
JUDGE GREGORY A. PRESNELL,
UNITED STATES DISTRICT COURT FOR THE MIDDLE
DISTRICT OF FLORIDA,
UNITED STATES BANKRUPTCY COURT FOR THE MIDDLE
DISTRICT OF FLORIDA,

*Defendants-Appellees.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:25-cv-00485-TPB-TGW
_____

Before ROSENBAUM, GRANT, and WILSON, Circuit Judges.

PER CURIAM:

Plaintiff-Appellant Don Karl Juravin, proceeding pro se, appeals the sua sponte dismissal of his complaint against Judge Lori V. Vaughan, Judge Gregory A. Presnell, the United States Bankruptcy Court for the Middle District of Florida, and the United States District Court for the Middle District of Florida, because the judges were entitled to absolute judicial immunity and the courts were entitled to sovereign immunity. He argues that the court erred in granting the judges judicial immunity, granting the courts sovereign immunity, and dismissing his complaint with prejudice without leave to amend. After careful review, we affirm.

## I.

We review de novo the dismissal of a complaint with prejudice for failure to state a claim. *Almanza v. United Airlines, Inc.*, 851 F.3d 1060, 1066 (11th Cir. 2017). We accept as true the allegations of the complaint and construe them in the light most favorable to the plaintiff. *Id.* We review whether an official is entitled to absolute immunity de novo. *Stevens v. Osuna*, 877 F.3d 1293, 1301 (11th Cir. 2017). We liberally construe pro se pleadings and hold them to a less stringent standard than pleadings drafted by attorneys. *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

## II.

First, Juravin argues that the district court erred in finding the judges were entitled to judicial immunity because the judges' actions were not in their judicial capacity but in their administrative functions.

A district court may dismiss a complaint for failure to state a claim based on judicial immunity when the defense is obvious given the allegations. *Sibley v. Lando*, 437 F.3d 1067, 1070 n.2 (11th Cir. 2005). Judges enjoy absolute judicial immunity when they act in their judicial capacity as long as they do not act in the "clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000). This immunity applies even if the judge acts in error, with malice, or in excess of their jurisdiction. *Id.* Whether a judge's actions were made while acting in their judicial capacity depends on if: (1) the act was a normal judicial function; (2) the act occurred in chambers or open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose out of a visit to the judge in their judicial capacity. *Sibley*, 437 F.3d at 1070.

Here, the judges acted in their judicial capacity. Juravin alleged that the judges injured him through: (1) blocking Juravin's discovery requests; (2) denying motions to compel; (3) declaring Juravin was a vexatious litigant; and (4) issuing orders that Juravin asserts had no legal support and were biased against him. Juravin also stated that the district judge rubberstamped the bankruptcy judge's decisions. But these types of actions—ruling on motions and filings and controlling the docket—are quintessential judicial functions. *See Sibley*, 437 F.3d at 1070. And all the alleged actions complained about were done when the judges were presiding over cases pending before them. Thus, the district court properly found the judges were entitled to judicial immunity.

### III.

Next, Juravin argues that the district court erred in finding that the United States Bankruptcy Court for the Middle District of Florida and the United States District Court for the Middle District of Florida were entitled to sovereign immunity because the courts violated his constitutional rights.

A district court must dismiss an action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3). As we have noted, "absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit," and "the terms of the federal government's consent to be sued in any court define that court's jurisdiction to entertain the suit." *JBP Acquisitions, LP v. U.S. ex rel. F.D.I.C.*, 224 F.3d 1260, 1263 (11th Cir. 2000) (citation modified).

The Supreme Court recognized a cause of action against federal officers in their individual capacity for a violation of constitutional rights. *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). But sovereign immunity bars such claims that extend to officers in their official capacity. *F.D.I.C. v. Meyer*, 510 U.S. 471, 483–86 (1994). Federal courts, as entities within the federal judiciary, enjoy this protection of sovereign immunity. *See id.*

Juravin sued the United States Bankruptcy Court for the Middle District of Florida and the United States District Court for the Middle District of Florida, which are part of the federal court system that sovereign immunity applies to. Nothing in the record

suggests a waiver of immunity. Thus, the district court properly found that sovereign immunity applied.

## IV.

Last, Juravin argues that the district court should have allowed him to amend his complaint because of the nature of the claims, judicial misconduct, and for further factual development. A district court may dismiss a complaint under Rule 12(b)(6) if it first provides the plaintiff with notice or an opportunity to amend the complaint. *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011). But this leave is not required if amendment would be futile. *See id.*

Here, Juravin's claims against judges and the courts are subject to immunities. As a result, Juravin would not have been able to amend his complaint to proceed on those claims, so the district court properly found amendment was futile.

We **AFFIRM** the district court's dismissal of Juravin's complaint with prejudice.[1]

---

[1] Even though we do not hold Juravin to the same standard as pleadings drafted by attorneys, Juravin still had to properly brief his claims on appeal. "[I]ssues not briefed on appeal by a pro se litigant are deemed abandoned." *Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008) (citation modified). An appellant fails to adequately brief a claim when he does not "plainly and prominently raise it." *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681 (11th Cir. 2014) (quotation marks omitted). Juravin failed to brief his arguments that the defendants violated the ADA and defamed him. Thus, those arguments are abandoned.